[No. 1821.  Decided February 13, 1896.]

THE PENNSYLVANIA MORTGAGE INVESTMENT COMPANY, *Appellant*, v. HARRY GILBERT *et al.*, *Respondents*.

APPEALABLE ORDER — JUDICIAL SALE — JUDGMENT IN ATTACHMENT PROCEEDINGS — RELATION OF TITLE.

In an action to foreclose a mortgage, an order dismissing the action as to some of the defendants who assert interests in the property paramount to the mortgagee is appealable, although no judgment has been rendered against the mortgagors.

In a suit for foreclosure of a mortgage, plaintiff is entitled to a trial of an issue raised as to whether the title to the premises asserted by a defendant other than the mortgagor was acquired prior or subsequent to the execution of the mortgage.

Under the statutes of this state, it is unnecessary that the judgment in an attachment suit should direct a foreclosure of the lien and a sale of the property attached, where personal service was had upon the defendant.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge.  Reversed.

*Jones, Voorhees & Stephens*, for appellant.

*W. A. Lewis*, and *Peacock & Bushnell*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by the plaintiff to foreclose a mortgage on certain real estate situate in the city of Spokane, executed by Harry Gilbert and

Mary Gilbert to the plaintiff, January 18, 1891. The respondents W. A. Lewis and his wife, Fannie B. Lewis, Jacob Hoover and his wife, Ella A. Hoover were made defendants on the ground that they claimed some interest in the premises, which interest was alleged to be subsequent and subject to the plaintiff's mortgage. The respondents Lewis and wife and Hoover and wife, appeared and answered, alleging that they were owners of the premises in dispute and that their title was prior and paramount to plaintiff's claim. A trial was had and upon a motion of said respondents the court dismissed the action as to them, and the plaintiff appealed.

The respondents moved to dismiss the appeal on the ground that the same was not an appealable order as there had been no final judgment rendered in said action against the other defendants. But we do not think this contention can be sustained, for if the claim of said respondents was subject to the claim of the plaintiff the plaintiff had a right to have the same foreclosed in the final judgment, and should not be compelled to take a decree solely against the other defendants who made no defense, as the judgment against them would leave the issues as between the plaintiff and said respondents undetermined. We held the order appealable and for that reason the motion to dismiss was denied at the hearing.

The respondents' contention upon the merits as to the judgment dismissing them from the action is based upon the proceedings in a certain action brought against the mortgagor, Harry Gilbert, on November 26, 1888, to recover a sum of money. In this action an attachment was issued and levied upon certain real estate, and there is a contention between the parties as to whether the description of the property attached

included the property in controversy in this action. A motion to dissolve this attachment was filed, and on May 20, 1889, while said motion was undisposed of, a second attachment was issued in said action, which it is conceded was levied upon the property in controversy.

It is contended by appellant that another motion to dissolve this second attachment was also filed, together with a notice that the same would be called up for hearing on October 26, 1889. This motion and notice were missing from the files in said cause, and one of the grounds of error alleged by the appellant is that the court erred in refusing to permit appellant to make proof of the filing of said motion and notice and the contents thereof. But we do not find it necessary to pass upon this point. On the 26th day of October, the court made an order relating to the dissolution of said attachment or attachments, and over this order the main controversy arises, it being contended by appellant that said order dissolved both attachments, and by the respondents that it dissolved only the first attachment issued and that no action was taken upon the second attachment. Several copies of said order appear in the records, which seem to be contradictory, one of them mentioning that the *attachment* was dissolved, and the other that the *attachments* were dissolved. The respondents have submitted a photograhic copy of the order as on file, showing that the order read "attachments," as it then appeared, but it is contended that the same had been altered and changed by some person without authority after the same had been signed by the judge, to make it read in the plural instead of the singular, and it is contended that this claim is supported by certain entries made in other records by the clerk of the court relating to

the filing of papers, etc., and also by the fact that no motion to dissolve the second attachment appears in the files. The records of the court in this respect are in an uncertain and unsatisfactory condition.

The judgment rendered in said suit contained no reference to any property of the defendants as being under attachment; nor did the execution, the levy and sale, the confirmation thereof, and the deed issued thereunder purport to relate back to any prior time or make any reference to any attachment lien, but simply purported to convey a title as under an ordinary execution sale.

When the cause was called for trial, said respondents moved the court to dismiss the action as to them on the ground that they were asserting a title which was prior, paramount and adverse to the plaintiff's claim, but the court ruled that, as the allegations of the respondents' answer in that respect were controverted by the plaintiff's reply, the court was of the opinion that it ought to go far enough into the evidence to ascertain the *bona fides* of the defendants' contention, and would not pass upon the motion at that time, and the trial of that matter was entered upon. No complaint is made by the respondents as to the action of the court in this respect, and the motion was renewed after the proofs were in. It is contended by the respondents that all their evidence as to the question of priority was not submitted to the court, but that they offered enough to show that they in good faith asserted such a claim, and that that was all the lower court passed upon, and in rendering its judgment of dismissal the court indicated that it only considered it necessary to examine into said claim sufficiently to see whether it was asserted in good faith. The evidence introduced was the record of the proceedings

in said prior action, and there is nothing before us to indicate that the respondents had any further or other proof to submit. In fact, it would appear that said matter had been fully litigated upon the merits. But, however this may be, we are satisfied that the findings of the court upon the proofs introduced were wrong, and that there was no foundation for the assertion by the respondents of a prior and paramount title to the premises in controversy. The judgment in said action was rendered in May, 1891, some months after the appellant's mortgage claim originated. While it may not be necessary in such a judgment to direct a sale of property under attachment, if there is any, it would be a better practice to do so. Also, the subsequent proceedings should regularly relate back by direct reference to the time of the attachment, if it is desired and intended to convey a title as of that date. We do not, however, hold in this case that such a reference was necessary in order to transfer a title which would relate back to the lien obtained by an attachment, but under all the circumstances of this case we are satisfied from the proofs that there were no attachment liens in force at the time the judgment was taken. The order of dissolution was made months after both attachments were levied, and as this order was not in terms confined to the prior attachment we think that the fair scope of it included both of the attachments issued in that same cause, and both of which, according to the contention of the respondents, covered the property in controversy. There is nothing upon the face of the order that condemns it in our opinion. The plaintiff in that case, by using ordinary care, could have made the matter certain beyond controversy, if the order of the court was not designed to affect the subsequent attachment. This could have

been done when the order was entered, and should have been, if it was limited to a part of the property only — that part which had been seized upon the first writ issued, and as affected by that seizure only; all of the property had been attached in that action, and in the absence of anything to the contrary it should be presumed that the proceedings to dissolve were directed against all of the property seized, whether it was seized under one or more writs. It could also have been made certain in the judgment which was entered finally in that action, or in the subsequent proceedings relating to the execution sale and its confirmation and the deed thereunder, but the plaintiff in that action made no attempt to do so, and we think the proofs clearly indicate that there were no such liens in existence when the judgment was rendered. This being so, the claims of the defendant were subsequent to the appellant's mortgage, and the court erred in dismissing them from the action.

Reversed.

ANDERS and GORDON, JJ., concur.

HOYT, C. J., not sitting.

### OPINION RENDERED ON RE-HEARING.

In the opinion rendered in this cause on February 13, last, the court said, in relation to the title claimed by the respondents, that neither the judgment nor any of the subsequent proceedings upon which said title was based purported to relate back to an attachment lien. In this we were in error, for the sheriff's deed recited that, " The then sheriff of said Spokane county did, on the 20th day of May, 1889, duly attach the hereinafter described real estate to satisfy any judgment that might be obtained in said action," and the

44—13 WASH.

deed purported to convey the title as of the date of the attachment. Aside from the reference in the deed the statement was correct. No attention had been called to this clause in the briefs or argument. In a petition for re-hearing the respondents directed our attention thereto, and the court, deeming it of sufficient importance, granted a re-hearing, and, it being an error in fact, granted the order without first giving appellant an opportunity to answer the petition, as is the usual practice. Additional briefs were filed by counsel and the cause was re-argued orally, and it is again before us for consideration.

We are satisfied that the case does not fall within the rule adopted by a majority of the court in *California Safe Deposit, etc., Co. v. Cheney Electric Light, etc., Co.,* 12 Wash. 138 (40 Pac. 732), which is relied upon by the respondents, for here the question of priority is the one in issue. The legal title is conceded to be in respondents. The only question is whether it was subsequent to appellant's mortgage, and this appellant has a right to have determined in the foreclosure suit. The mere assertion by the respondents that it was a prior title cannot deprive the plaintiff of the right to have it litigated in this suit. This of itself would necessitate a reversal, but in view of the fact that the respondents strenuously contend that they have other competent proof to submit relating to the attachment and its purported dissolution, showing the record to have been falsified, and this contention being supported in a measure by the finding of the lower court, which indicates that the matter was not fully tried, we will not at this time hold the respondents concluded by the record as it stands.

This requires the decision of another question, and that is, whether it was necessary for the court to

have directed a sale of the property in the judgment
rendered in the attachment suit, or at some time in
that action. This was one of the questions upon
which an argument was directed in the order for re-
hearing. While we are satisfied that it would be a
more regular and much better practice to have an or-
der or judgment of the court directing a sale of the
property attached, there are several reasons which
have induced us to hold that the same was not neces-
sary. The statute does not in express terms require
it, and there is room for holding that the same was
not essential, although it makes an exception to the
general rule that in the enforcement of liens upon
real estate it is necessary to have a judgment of the
court foreclosing the same. Under such statutes the
courts of the different states have arrived at different
conclusions in considering whether it was necessary
to have a judgment of condemnation of the attached
property entered in the action (Shinn, Attachment
and Garnishment, § 450); and we are satisfied that it
has not been the uniform practice in this territory and
state to have such a judgment entered. A holding at
this time that it was necessary to do so would tend to
the unsettling of titles. Furthermore, in a case like
this, where intervening rights accrued after the at-
tachment levy and prior to the execution levy, and
there is a question as to whether the attachment had
been dissolved prior to obtaining such rights, or
whether the same was in force at the time the judg-
ment was entered, it is clear that the entry of a judg-
ment of condemnation or foreclosure as against the
attached property by the court would not be binding
upon the parties claiming such intervening rights,
and they would have the right to litigate it. This, in
connection with the foregoing reasons, has led us to

construe the statutes relating to the procedure in such matters, where a personal service was had upon the defendant in the attachment suit, as not requiring a special judgment foreclosing the lien upon the property attached.

Consequently the judgment will be reversed and the cause remanded for a new trial in accordance with this opinion.

ANDERS, DUNBAR and GORDON, JJ., concur.