[No. 2727. Decided February 18, 1898.]

JOSEPHINE I. KEEF, *Appellant*, v. H. L. TIBBALS, SR.,
et al., *Defendants*, JOHN TRUMBULL et al., *Respondents*.

APPEAL — WHEN LIES — ORDER STRIKING COMPLAINT.

Where a complaint has been filed against several defendants,
and, before service has been obtained against all of them, the
complaint has been stricken on motion of those served, an ap-
peal lies from such order striking the complaint, although there
has been no dismissal or other action taken with reference to the
defendants not served.

Where it appears that a plaintiff has complied with an order
of the court requiring the complaint to be amended by setting
forth certain findings in another case, an order striking the com-
plaint for failure to comply is erroneous.

Appeal from Superior Court, Jefferson County.—Hon.
JAMES G. McCLINTON, Judge. Reversed.

*Brady & Gay, Langley & Slauson*, and *Milo A. Root*,
for appellant.

*Trumbull & Trumbull*, for respondents.

The opinion of the court was delivered by

SCOTT, C. J.—This cause was heard upon the brief of
appellant, the respondents' brief being stricken because of
a failure to file it within the time prescribed, without any
sufficient showing in justification of the delay.   An ex-
amination of the record, however, raised a  doubt  as  to
whether this court ·had jurisdiction, and the appellant was
permitted to make a further showing.   The action was
brought against several defendants.   Before service was
had, two of them appeared and demurred to the complaint.
The demurrer was sustained and an amended complaint was
filed, whereupon a demurrer was sustained to this also, and
a second amended complaint was filed, whereupon a motion

was made to make the same more definite and certain, which was granted and a third amended complaint was filed, whereupon said defendants who had appeared moved to strike it and for judgment of non-suit, which was granted, the order reciting that the plaintiff had been required to amend her complaint by setting forth certain findings in another case, and. that the same had not been complied with. Although no service was obtained upon the other defendants and they had not appeared in the action—nor was it dismissed as to them—we think this appeal could be taken. Conceding that the plaintiff might have served the other defendants and have proceeded with the cause against them to final judgment and have raised the question of the right to a dismissal of the action as to these respondents, we think she should not have been compelled to do so, and thus try the case piecemeal. *Pennsylvania Mtg. Inv. Co. v. Gilbert,* 13 Wash. 684 (43 Pac. 941); *Snohomish County v. Ruff,* 15 Wash. 637 (47 Pac. 35, 441); *Warburton v. Ralph,* 9 Wash. 537 (38 Pac. 140).

It is urged that the court erred in sustaining the demurrers aforesaid, and also the motion to make the complaint more definite and certain, and erred in dismissing the last complaint because of the failure to comply therewith. It is only necessary to consider the latter question. The complaint incorporated in the record appears to contain the findings required by the order. Whether this was overlooked in granting the order we do not know, but we think there was a sufficient compliance, conceding that the order was rightly made.

Reversed and remanded for further proceedings.

ANDERS, REAVIS, GORDON and DUNBAR, JJ., concur.