[No. 6259. Decided December 11, 1906.]

MARY A. CUMMINGS et al., Appellants, v. NICHOLAS SUNICH, Respondent.[1]

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CONFLICTING TESTIMONY. Discretion is involved in the granting of a new trial for newly discovered evidence where the evidence was conflicting or insufficient, and the same will not be disturbed on appeal where no abuse of discretion appears.

Appeal from an order of the superior court for King county, Yakey, J., entered January 29, 1906, granting de-

[1]Reported in 87 Pac. 949.

fendant's motion for a new trial, after a judgment entered upon findings in favor of the plaintiffs, in an action of forcible entry and detainer. Affirmed.

*McCafferty & Bell,* for appellants.
*Fred H. Peterson* and *H. C. Force,* for respondent.

HADLEY, J.—This action was brought under the forcible entry and detainer statute, for the purpose of recovering possession of a certain lot in Seattle. The plaintiffs are not, and at no time have been, the owners of the lot, but for several years they were given parol permission, by a former owner, to occupy the lot with chicken coops and a chicken house or a small barn, for the purpose of raising chickens, but without payment of rent. They were so occupying it when the defendant purchased the lot from the former owner. The defendant at once notified plaintiffs that he had purchased the lot, and that he desired them to remove their structures therefrom, so that he might proceed to construct a house thereon for his home. The removal was not made at once, and the testimony conflicts as to just what occurred between the parties.

The testimony submitted by defendant is to the effect, that plaintiffs at once stated that they would remove at any time when defendant was ready to occupy for the purpose of building; that defendant built a fence between his lot and that of plaintiffs' adjoining, and placed material upon the ground ready for constructing his building, all without objection from plaintiffs; that when he was ready to begin construction, he removed the chicken coops and tore down the small building of the plaintiffs'; that Mrs. Cummings, one of the plaintiffs who was present, made no objection to the removal, but did object to the manner of removal: that Mr. Cummings, her husband and coplaintiff, was present and did not object in any manner. Mrs. Cummings testified at the trial, but her husband did not. She says the re-

moval was without the consent of plaintiffs, and she testi-
fied that she asked defendant to leave the work of tearing
down until her husband could assist in looking after the
structures, saying that he was then at home sick and unable
to be out. The cause was tried by the court without a jury,
and the court found for the plaintiffs, awarding them posses-
sion of the lot in controversy, and also judgment for $25
damages. The defendant moved for a new trial, and sub-
mitted affidavits of persons whose evidence was discovered
subsequently to the trial, that they saw Mr. Cummings pres-
ent at the time of the removal of the buildings and structures,
and that he assisted the defendant in removing them. The
motion for a new trial was granted, and the plaintiffs have
appealed from the order granting the new trial.

The evidence was conflicting, and the affidavits submitted
on the motion for new trial show new and material evidence
as to whether respondent's entry was peaceable or forcible.
That is a material question of fact in the case. It has been
often held by this court that it will not disturb an order
granting a new trial in the absence of an abuse of discretion,
and that, when the evidence conflicts as to material facts, the
granting of a new trial for insufficiency of the evidence, or
because of newly discovered material evidence, will not be held
to be an abuse of discretion. The above grounds, with others,
were alleged in the motion for a new trial, and the order does
not specify upon what ground the motion was granted. It
will, therefore, be presumed that the court was influenced to
grant the new trial by reason of the conflicting testimony,
and proposed testimony, and that its discretion was exer-
cised in that regard. If the ruling of the trial court were
based upon a mere question of law, then this court might, in
line with previous holdings cited by appellants, review the
ruling for mere error, there being no discretion involved in
such a ruling. This is, however, not such a case. Discretion
is involved here, but we will not say, from the record in the

case, that the court abused its discretion.   The judgment is affirmed.

FULLERTON, CROW, and DUNBAR, JJ., concur.

MOUNT, C. J. and RUDKIN, J., took no part.