[No. 6507.   Decided March 8, 1907.]

## S. R. BALKWILL et al., Respondents, v. J. H. SPENCER et al., Appellants.[1]

VENDOR AND PURCHASER—CONTRACTS—TIME FOR PERFORMANCE—CONSTRUCTION. Where a contract for the sale of land provided for payment of the balance due on or before fifteen days after complete abstract of title should be delivered to the agent, with deed warranting against all incumbrances, and that the contract should be void if the title could not be made good within thirty days after delivery of abstract, the existence of an unsatisfied mortgage upon the property extends the time for performance by the vendee for such period of thirty days, although the vendee had agreed to secure the satisfaction of the mortgage and deduct the amount thereof from the purchase price; hence the vendee would not be in default during such period of thirty days where tender was made as soon as the satisfaction of the mortgage was secured.

SAME—FORFEITURE OF CONTRACT—DEMAND—ACTIONS—WAIVER OF DEFENSE. Refusal by vendors to perform a contract for the sale of land cannot be justified by the fact that the vendors did not know to whom the deed should be delivered, where demand for performance was made by the agent in whose name the contract was made, and where the refusal was at the time placed on the ground that the tender was too late.

SAME—ASSIGNMENT—BY TRUSTEE—VALIDITY—SIGNATURE OF WIFE. Where an agent, in whose name a contract for the sale of land was made, acted as a trustee, an assignment of the contract by him to his principal need not be joined in by his wife.

SAME—DAMAGES FOR FAILURE TO CONVEY—EVIDENCE—VALUES—RECITAL IN DEED—SUFFICIENCY. In an action for damages for breach

[1]Reported in 88 Pac. 1029.

of contract to convey lands, sold by the defendants to other parties within a month, the deed of the defendants conveying the property, reciting a consideration of $25,000, is *prima facie* evidence of the value of the property at that time; and in the absence of explanation or other evidence, is sufficient to sustain a finding that the property was of that value.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered July 9, 1906, in favor of the plaintiffs, awarding damages for the breach of a contract to convey real property, in an action for specific performance of the contract, after a trial on the merits before the court without a jury. Affirmed.

*Samuel F. McAnally*, for appellants.

*E. R. York* and *John P. Hartman*, for respondents.

RUDKIN, J.—On the 10th day of January, 1906, the defendants Spencer and Love, and Robert G. Walker, as agent for the plaintiffs Balkwill and wife, entered into the following written contract:

"$250.00. Tacoma, Wash., January 10th, 1906.

"Received of Robert G. Walker, agent, the sum of two hundred and fifty ($250.00) dollars, as earnest money and part payment for the purchase of lots five (5) and six (6), block twenty-one hundred and seven (2107), city of Tacoma, which we have this day sold to said Robert G. Walker, agent, his heirs, administrators and assigns, for the sum of ten thousand two hundred ($10,200.00) dollars, net, on the following terms: The balance of nine thousand nine hundred and fifty ($9,950.00) dollars cash more, on or before fifteen days after complete and satisfactory abstract of title from United States to date of transfer shall have been delivered to said Robert G. Walker, agent, his heirs, administrators or assigns, on delivery of good and sufficient warranty deed conveying said property to said Robert G. Walker, agent, his heirs, administrators or assigns, free and clear of all incumbrances, purchaser to pay taxes for 1905. It is agreed that if the title to said premises is found to be invalid or cannot be made good within thirty (30) days after delivery

of abstract, this agreement is void, and the earnest money ($250.00) shall be refunded to said Robert G. Walker, agent, his heirs or assigns, otherwise the property not being taken according to the above mentioned terms, the earnest money ($250.00) shall be forfeited to the undersigned as full liquidated damages. The undersigned covenant with Robert G. Walker, agent, that they are the owners in fee simple of said premises and that they have good right to and will convey the same on the terms above mentioned.

"(Signed)   J. H. SPENCER,<br>
"L. L. LOVE."

At the time of the execution of this contract there was a mortgage of $5,000 against the property, executed by Robert G. Walker and wife, while owners, in favor of E. B. Grandin, a resident of Pennsylvania. An abstract of title was delivered to the purchaser on the 16th day of January, 1906. The abstract disclosed the unsatisfied mortgage from Walker and wife to Grandin. On the 19th day of January, 1906, Joshua Peirce, resident agent for the mortgagee at Tacoma, forwarded a release and satisfaction of the mortgage to the mortgagee for execution, at his home in Pennsylvania, at the instance and request of Walker. This release was returned to Peirce, properly executed, on the 29th day of January, 1906, but it does not appear that any of the parties to this action had notice of its return until February 1, 1906. On the evening of that day a tender of the balance of the purchase price was made, by check, to the defendant Spencer, through Walker and the attorney for the purchasers, but the tender was refused for the reason that it was made one day too late. A tender in cash on the following day was rejected for the same reason. On the 3d day of February, 1906, the defendants Spencer and Love conveyed the property by warranty deed to the defendants Drury and wife, the deed reciting a consideration of $25,000. This action was thereupon commenced against Spencer and Love and their grantees for a specific performance of the contract, the complaint alleging that the Drurys purchased

with notice of the prior agreement with the plaintiffs.    The
court below made no findings of fact, but entered a decree,
denying specific performance and awarding the plaintiffs a
personal judgment against the defendants Spencer and Love,
in the sum of $14,500, as damages for breach of the con-
tract to convey.    From this judgment or decree, the defend-
ants Spencer and Love have appealed.

The appellants earnestly insist that the contract was for-
feited before the tender of performance on the part of the
respondents was made.    The proof tended to show that the
purchasers or their agent agreed to obtain the satisfaction
and release of the Grandin mortgage, and deduct the amount
of the mortgage from the purchase price of the land.    But
if we assume that such was the fact, and that the agreement
became null and void at the expiration of the time limited
for performance, without notice or demand or other declara-
tion of forfeiture—which is an extreme and perhaps unwar-
ranted view of the law—yet we are of opinion that the tender
was made well within the time limited by the contract.    The
agreement expressly provided that the balance of $9,950
should be paid on or before fifteen days after complete and
satisfactory abstract of title from United States to date of
transfer should be delivered to the agent, and that if the
title was found invalid or could not be made good within
thirty days after delivery of abstract, the agreement should
be void.    While the title was not invalid by reason of the
mortgage, yet the appellants could not convey the land free
and clear of all incumbrances as provided in the contract.
There was an incumbrance against the property, a defect
which could be made good within thirty days from the de-
livery of the abstract, and the time of performance was
necessarily extended for that period.    We are therefore of
opinion that the court correctly ruled that there was no for-
feiture of the contract.

The appellants further contend that they did not know
to whom the deed should be delivered, or who was entitled to

demand performance. The demand for performance was made by the agent in whose name the contract was made, and by the attorney for the respondents, who were the real parties in interest, and the slightest inquiry would have informed the appellants in that regard, even if they were not advised at the time, as testified to by Mr. York. They refused to convey because the tender was made too late, and they should not now be permitted to shift their ground of defense.

It is further contended that the assignment of the contract from Walker to the respondents was not signed by Walker's wife until after the commencement of this action. Walker had no beneficial interest in the contract; he was a naked trustee, and the signature of his wife to the assignment was unnecessary as a matter of law, though perhaps advisable as a matter of fact to avert a possible cloud on the title.

The last contention is that there was no evidence of the market value of the property upon which the court could make a finding of damages. The only evidence in this regard was the acknowledgment of a consideration of $25,000 in the deed from the appellants to the defendants Drury and wife, executed on February 3, 1906. We confess this is very unsatisfactory evidence of market value upon which to base a judgment for $14,500. But if the evidence is legally sufficient to sustain the judgment, the fault for failing to produce more satisfactory evidence rests with the parties and not with the court. It is uniformly held that the acknowledgment of a consideration in a deed is *prima facie* evidence of the consideration paid. As against the grantors, it stands in the nature of an admission. Of course, the consideration may be explained or contradicted, but no explanation or contradiction was offered here. If this deed furnished *prima facie* evidence that the appellants sold the property on February 3, 1906, for the sum of $25,000, this was some evidence at least, of market value. It is very generally held that evidence of sales of land in the neighborhood is competent on an inquiry as to the value of land, and if the purchases or

sales were made by the party against whom the evidence is offered, it may stand as an admission. *Laing v. United R. & Canal Co.*, 54 N. J. L. 576, 25 Atl. 409; *Gilluly v. Hosford, ante*, p. 594, 88 Pac. 1027, and the cases therein cited.

After the court had ruled that there had been no forfeiture, that performance had been timely demanded by the respondents, that the contract had been breached by the appellants, and that specific performance could not be decreed by reason of a conveyance of the property to *bona fide* purchasers, it was incumbent on the court to assess damages for the breach. In so doing it had no alternative except to act upon the testimony produced by the parties, and inasmuch as that testimony is legally sufficient to sustain the judgment, it must be affirmed, and it is so ordered.

HADLEY, C. J., ROOT, MOUNT, and CROW, JJ., concur.

FULLERTON, J., dissents.