[No. 9127.　Department Two.　December 21, 1910.]

*In re* CITY OF RENTON.

THE CITY OF RENTON, *Respondent*, v. R. T. DYKEMAN *et al.*, *Appellants.*[1]

NEW TRIAL—GROUNDS—INSUFFICIENCY OF EVIDENCE. A new trial should not be granted on the ground that the verdict is contrary to the evidence merely because the court differed ·with many of the witnesses as to the extent of the damages.

Appeal from a judgment of the superior court for King county, Robert H. Lindsay, Esq., judge *pro tempore*, entered January 10, 1910, upon the verdict of a jury awarding damages in condemnation proceedings. Affirmed.

*Farrell, Kane & Stratton*, for appellants.

*Paul W. Hauser* (*L. Frank Brown*, of counsel), for respondent.

MORRIS, J.—The city of Renton instituted a condemnation suit against appellants, seeking to acquire the right to take water from a creek flowing through appellants' lands. Trial was had and verdict in the sum of one dollar each awarded appellants. They made a motion for a new trial, which was denied. The court, in denying appellants a new trial, incorporated his decision in the record, as follows:

"Superior Court, King Co., Wash.
"In the Matter of the Petition of the
　　　City of Renton.　　　　　　　　No. 67178.
"The court in denying the motions for a new trial in all the cases where Farrell, Kane & Stratton represented the respondents, state that, in view of the fact that it is the undoubted law of this state that the jury are the sole judges of the facts, and that as I view the law as expressed by our supreme court that, where the jury has once passed upon the facts, that the court is only justified in granting a new trial where the verdict of the jury is contrary to the weight of the

[1]Reported in 112 Pac. 348.

evidence, I am constrained to overrule the motions for new trial, although as an individual I do not think that justice has been done by any of the verdicts, and this solely because I differ with many of the witnesses who testified in the case.

"Each of the respondents excepts to above and excepts to the ruling of the court in denying his motion for a new trial. Exception allowed.

"The above is hereby made a part of the record herein. Dated January 3, 1910.

              "Robert H. Lindsay, Judge Pro Tem.
"Present, attorneys for all parties."

This ruling is the error complained of.

If the court below indicated his opinion by the language used, and we assume he did, no other ruling was possible. The question was solely one of fact, and it was of no consequence that the court differed with some of the witnesses as to the extent of the damage. That is not an unusual thing in trials of this character. But inasmuch as our system makes the jury the arbiter of .such questions, their decision, when there is no error in the submission, is final. The case here is not within *Clark v. Great Northern R. Co.*, 37 Wash. 537, 79 Pac. 1108. In that case the court below indicated he made his ruling because of his belief in a lack of power to do otherwise. This court held he had the power to grant a new trial where the verdict was contrary to the weight of the evidence. The court below, in the case at bar, correctly thus states the law in its ruling as set forth. He does not hold the verdict is contrary to the weight of the evidence, but announces that he differed with many of the witnesses. This would be no reason for any interference with the verdict, unless he went further and was of the opinion that it was clearly contrary to the weight of the evidence. Judgment affirmed.

Rudkin, C. J., Dunbar, Crow, and Chadwick, JJ., concur.