[No. 12626. Department Two. August 11, 1915.]

ELLEN INMAN et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

APPEAL—DECISIONS APPEALABLE—JUDGMENT—PREMATURE APPEAL. An appeal will be dismissed as premature where it was taken by oral notice, immediately upon denying defendant's motion for judgment notwithstanding the verdict, before entry of judgment upon the verdict either by the clerk or judge, and before disposal of plaintiff's motion for a new trial.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 10, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Appeal dismissed.

*James E. Bradford* and *Melvin S. Good*, for appellant.

*J. P. Ball* and *Wm. T. C. Ball*, for respondents.

MAIN, J.—The purpose of this action was to recover damages for personal injuries. After the issues were framed, the cause came on for trial before the court and a jury on October 2, 1914. On October 5, 1914, the jury returned a verdict in favor of the plaintiff and against the defendant, the city of Seattle, in the sum of $25. On this day and immediately after returning the verdict, the defendant city filed its motion for judgment notwithstanding the verdict.

[1]Reported in 150 Pac. 1055.

On October 7, 1914, the plaintiff filed a motion for a new trial, on the ground that the damages awarded by the jury's verdict were inadequate, and were awarded under the influence of passion and prejudice. On October 10, 1914, the motion of the defendant city for a judgment notwithstanding the verdict was denied, whereupon the city in open court gave notice of appeal.

It does not appear from the record before us upon this appeal that the trial court in any manner passed upon the plaintiff's motion for a new trial. Neither does it appear that a judgment had been entered upon the verdict. The respondent moves that the appeal be dismissed, and that the cause be remanded to the superior court in order that the plaintiff's motion for a new trial may be passed upon by that court. This motion must be sustained for two reasons: First, the record shows neither that the statutory judgment had been entered upon the verdict by the clerk, nor that a formal written judgment had been signed by the trial judge and entered; and second, since the plaintiff's motion for a new trial was pending and undisposed of at the time the appeal was taken, the appeal was premature.

The appeal will be dismissed, and the cause remanded in order that the trial court may pass upon the plaintiff's motion for a new trial.

Appeal dismissed.

MORRIS, C. J., FULLERTON, ELLIS, and CROW, JJ., concur.