[No. 12011.   Department Two.   October 19, 1915.]

## W. J. LANGLEY et al., *Appellants*, v. A. J. DEVLIN et al., *Respondents*.[1]

APPEAL—REVIEW—DISCRETION—GRANT OF NEW TRIAL. Where remarks of a trial judge indicated that he granted a new trial because facts had been overlooked and a fair trial had not resulted, and not alone upon the ground of newly discovered evidence, his decision will not be disturbed on appeal except for abuse of discretion.

SAME. Remarks of the trial judge respecting one of the grounds for a new trial, concluding with a statement that enough had been shown to require a new trial without further pursuing the investigation, do not show that he intended to overrule the other grounds of the motion; and on appeal, the respondent is entitled to urge any of the grounds to sustain the judgment.

NEW TRIAL—PROCEDURE—TRIAL TO COURT—EVIDENCE. Upon the grant of a new trial in an action tried to the court, it is not necessary to again take the evidence already received, but only such other evidence as the parties desire to introduce.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered February 16, 1914, granting a

[1]Reported in 151 Pac. 1134.

new trial, after a judgment entered upon findings in favor of
the plaintiffs.   Affirmed.

*Cannon, Ferris & Swan,* for appellants.

*Robertson & Miller, Post, Avery & Higgins,* and *John P.
Gray,* for respondents.

MOUNT, J.—This appeal is from an order of the lower
court granting a new trial in a cause which was tried to the
court without a jury.   At the conclusion of the trial, the
court made findings of fact and entered a decree in favor of
the plaintiffs.   Thereafter the defendants filed a motion for a
new trial upon all of the statutory grounds.   This motion was
supported by a number of affidavits tending to show the fact
of newly discovered evidence material to the cause, miscon-
duct of parties interested in favor of the plaintiffs, and other
reasons.   The trial court, after a hearing upon the motion,
and after considering the affidavits, entered a general order
granting the motion for a new trial.   The plaintiffs have ap-
pealed from that order.

Voluminous briefs have been filed, and an argument is
made to the effect that the trial court granted the motion for
a new trial upon the ground of newly discovered evidence
alone; and it is contended that the affidavits were insufficient
to show that the evidence was newly discovered, or that dili-
gence had been exercised in procuring the newly discovered
evidence.   These contentions are based largely upon what the
trial court said in passing upon the motion.   When the trial
court was passing upon the motion, it made a statement as
follows:

"It may be admitted that the affidavit of Mr. McCarthy,
in itself, is not entirely satisfactory, since it details almost
entirely hearsay, something very difficult to combat; but the
letters attached to his affidavit are not denied, and these, to-
gether with certain portions of the affidavit explaining or sup-
plementing them, present facts which cannot be overlooked

in the endeavor to reach a just conclusion of this lawsuit. These letters and other statements uncontradicted show:

"1st. That the Langleys knew that Page and Devlin owned stock in the coal company long before this action was begun and probably from the very beginning. If this had been shown at the trial, it would have defeated the plaintiffs' case.

"2d. That Langley knew that Galbraith claimed an interest (as well as Harvey), whereas their complaint showed that they had nothing, and (if my memory serves me correctly) counsel said upon the trial that he did not learn until just before the trial that Galbraith had an equal interest with the Langleys. If that had been known, it would have meant at least, a recasting of the complaint, if not a dismissal.

"3d. That witness Hayes was gotten away by O'Neill temporarily and that at least an effort was made to influence, if not to suppress his testimony. This following the announcement by defendants' counsel that he desired to take Hayes' deposition, and by the fact that it was not taken, notwithstanding an adjournment of the trial was allowed for that purpose, appeals strongly to one's sense of right.

"But it is not necessary to pursue this investigation further. Sufficient has already been shown to make it clear that a new trial must be granted."

The appellants argue from this that the court based the order for a new trial solely upon the ground of newly discovered evidence and misconduct. If we may consider what the court said prior to the entry of the general order granting a new trial, for the purpose of determining upon what particular point the order was made, we are still of the opinion that the trial court granted the motion by reason of the fact that it was convinced that facts had been overlooked and that a fair trial had not resulted, and not upon the ground of newly discovered evidence alone. This court has many times held that, where a new trial is granted in the discretion of the trial court, the order will not be reversed, except for an abuse of discretion. *Cummings v. Sunich,* 44 Wash. 665, 87 Pac. 949; *Best v. Seattle,* 50 Wash. 533, 97 Pac. 772.

In the case of *Rochester v. Seattle, Renton & Southern R. Co.*, 75 Wash. 559, 135 Pac. 209, we held that, upon the consideration of a motion for a new trial, where the trial court enters an order granting the motion upon a specific ground, and the adverse party appeals, the party seeking to sustain the order may urge in this court all the grounds which are covered by his motion. He is not limited to the specific ground or reason upon which the trial court based the order. From the portion of the statement of the court above quoted, it is plainly apparent that the court did not intend to overrule the other grounds stated in the motion, but concluded from what it had already said that there was sufficient shown to make it clear that a new trial must be granted, and it therefore did not necessarily deny the other grounds of the motion. We are of the opinion, from the statements made by the trial court that it based its ruling upon its judgment that a fair trial had not been had, and for that reason, primarily, the order was so made. This, of course, was a matter of discretion, which we think was not abused, and the order, under the authorities cited, must therefore be affirmed.

We desire to say that it will not be necessary upon the new trial to again take the evidence which has already been taken and filed in the case, but that the proper procedure will be to take such new or further evidence as either party may desire to introduce, and then, upon the whole record, make new findings of fact and decide the case.

MAIN and ELLIS, JJ., concur.

CROW, J., took no part.