[No. 15957.    Department One.    November 10, 1920.]

STIMSON MILL COMPANY, *Appellant*, v. ALBERT TROXEL et al., *Respondents*.[1]

EMINENT DOMAIN (156)—PROCEEDINGS—APPEAL — REVIEW — VERDICT. The jury's award of damages in condemnation proceedings will not be reviewed on appeal for excessiveness, where supported by a material portion of the testimony and the jury viewed the premises.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered March 8, 1920, upon the verdict of a jury awarding damages in condemnation proceedings.    Affirmed.

*Hogan & Acret*, for appellant.

*A. M. Abel*, for respondents.

BRIDGES, J.—This was an eminent domain proceeding for the purpose of acquiring a private way of necessity for a logging railroad.    The damages fixed by the jury were in the sum of $1,500.    The petitioner's motion for a new trial on the ground the verdict was excessive was denied.    This appeal is from the decree entered upon the verdict.

The only ground argued for reversal is that the amount of the award is excessive.    If we concede that

[1]Reported in 193 Pac. 213.

the verdict was more than we would have given had we been the triers of the facts, yet this in itself would not, of course, justify us in reversing the judgment. The duties of the trial court concerning matters of this kind are very different from those imposed upon us. It exercises a discretion in granting or refusing to grant a new trial. We can only determine whether that court has abused its discretion. It will thus be seen that, while our power may be more authoritative than that of the trial court, our sphere of action in this regard is much more limited. The trial court observes and hears the witnesses, sees the conduct of the jurors, and is, in fact, a material part of the trial itself. It is very natural, therefore, for this court, under such circumstances, to greatly hesitate to say that the trial court has abused its discretion.

While the damages fixed by most of the witnesses was in a sum materially less than the verdict of the jury, yet it was easily within the damages fixed by three or four of the witnesses. The jury was permitted to see the premises before returning its verdict. The trial court, with all of his intimate knowledge of the case, refused to say that the verdict was excessive or to grant a new trial on that ground. Under these circumstances, if we held that the trial court abused its discretion, we would usurp the powers of both the jury and the trial court and constitute ourselves the triers of the facts. We are not permitted to weigh the evidence; that was for the jury.

Since the verdict is sustained by a material portion of the testimony, we cannot say the trial court abused its discretion.

The judgment is affirmed.

Holcomb, C. J., Mackintosh, Parker, and Fullerton, JJ., concur.