[No. 16521.  Department Two.  October 15, 1921.]

*In re Condemnation for* SKAGIT RIVER POWER SITE.
THE CITY OF SEATTLE, *Petitioner and Appellant,* v.
BINGHAM INVESTMENT COMPANY, *Defendant and
Appellant.*[1]

EMINENT DOMAIN (156)—APPEAL (406)—REVIEW—DISCRETION—
NEW TRIAL FOR EXCESSIVE DAMAGES.  The trial of condemnation pro-
ceedings by a city, including motions for a new trial, being governed,
under Const., art. 1, § 16, and Rem. Code, § 7779, by the same rule as
in other civil actions, the appellate court is confined to a determina-
tion whether the trial court abused its discretion in passing on the
motion for a new trial.

APPEAL (72)—AFFECTING SUBSTANTIAL RIGHT—PARTIAL JUDGMENT.
Where a motion for a new trial is based upon three grounds, the
action of the trial court in passing on but one of the grounds in favor
of the movant does not preclude such movant from the right of
appeal as to the other grounds.

SAME (373)—REVIEW—THEORY—GROUNDS OF MOTION FOR NEW
TRIAL.  On affirmance of an order granting a new trial, the appellate
court will not discuss additional grounds urged on the motion which
were not passed upon by the trial court, in order to avoid making
such grounds the law of the case on the new trial.

Cross-appeals from an order of the superior court
for Whatcom county, Pemberton, J., entered January
6, 1921, granting a new trial, after the verdict of a jury
awarding damages in condemnation proceedings.  Af-
firmed.

*Walter F. Meier, Charles T. Donworth,* and *Robert H.
Evans,* for petitioner and appellant.

*Thomas Smith* and *Coleman & Gable,* for defendant
and appellant.

MITCHELL, J.—The city of Seattle, by eminent do-
main proceedings, seeks to acquire title to land on the

[1]Reported in 201 Pac. 300.

Skagit river to be used in connection with the establishment of a hydro-electric light and power plant. The question of damages was tried to a jury, which returned a verdict in the sum of $27,500. The city contended the property was worth not to exceed $3,000, while the witnesses for the owner, Bingham Investment Company, valued it at from $17,000 to $50,000. The city moved for a new trial on the grounds: (1) Excessive damages appearing to have been given under the influence of passion and prejudice; (2) insufficiency of the evidence to justify the verdict and that the same is against the law; and (3) error in law occurring at the trial and excepted to at the time by the petitioner. An order was entered that a new trial be granted unless the owner should agree to accept $13,750. This the owner refused to do and a new trial was granted. In the order granting the new trial the court expressly found and stated that the verdict "is excessive in the sum of $13,750, and is the result of passion and prejudice against the petitioner, etc." The other grounds of the city's motion were in no way recited or specifically referred to in the order.

Both the property owner and the city have appealed —one contending a new trial was not authorized, and the other that it should have been granted upon all the grounds mentioned in its motion.

As we understand, the property owner contends the verdict of a jury is more binding upon the court in this kind of a case than in other kinds of civil actions. Upon the subject of compensation in eminent domain proceedings, art. 1, § 16, of the state constitution provides: ". . . . which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in courts of record, in the manner provided by law." Under this mandate of the constitution, and

keeping within both its letter and spirit, the legislature has provided (§ 7779, Rem. Code; § 7556, Pierce's 1919 Code), in condemnation proceedings by cities, as follows: "Upon the return of the verdict the proceedings of the court regarding new trial and the entry of judgment thereon shall be the same as in other civil actions, and the judgment shall be such as the nature of the case shall require."

In the case of *Seattle v. Williams,* 41 Wash. 366, 83 Pac. 242—a condemnation suit by the city—after referring to the privilege or duty of the jury to fix by its verdict the amount of compensation, it was said:

"Having done so, and the appellants having moved for a new trial, it then became the duty of the trial judge to ascertain whether or not there were any reasons for setting aside such verdict. If he believed the verdict to be grossly inadequate, or that a fair legal trial was not had, he should have granted a new trial."

Again, in the case of *Renton v. Dykeman,* 61 Wash. 330, 112 Pac. 348—an eminent domain case—upon reciting the reasons given by the trial judge for refusing a new trial, this court said:

"This would be no reason for any interference with the verdict, unless he went further and was of the opinion that it was clearly contrary to the weight of the evidence."

We think there can be no serious question that, under the constitution and statute above referred to, the trial of this kind of an action, including the motion for a new trial, is similar to that in other civil actions, and as pointed out in the case of *Stimson Mill Co. v. Troxel,* 113 Wash. 108, 193 Pac. 213, the scope of our authority over motions for new trials is more limited than that of the trial court, being confined to a determination if the trial court abused its discretion in

passing on such a motion. In all those cases where a
motion for a new trial does not have to be supported by
affidavits, and where the witnesses have testified in per-
son at the trial, the rule that the trial judge has peculiar
advantages for the exercise of discretion is more spe-
cially applicable. With such ideas in mind, the record
in this case consisting, among other things, of ab-
stracts of the evidence and all other features of the
trial prepared by both parties have been examined,
from which it cannot be said there was any abuse of
discretion in granting the new trial, although confined
as it was to the one ground stated by the trial court.

A motion is made to dismiss the city's cross-appeal
upon the ground that the order granting the new trial,
being in favor of the city, precludes it from the right of
appeal. The rule, however, is otherwise under the cir-
cumstances of this case. *Rochester v. Seattle, Renton
& Southern R. Co.*, 75 Wash. 559, 135 Pac. 209; *Pierce
v. Seattle Elec. Co.*, 83 Wash. 141, 145 Pac. 228; *Lang-
ley v. Devlin*, 87 Wash. 592, 151 Pac. 1134; *Parkhurst v.
Elliott*, 103 Wash. 89, 173 Pac. 731.

But the cross-appeal becomes unimportant now upon
our affirming the trial court's order granting a new
trial upon the ground therein specified. The cases in
this court just cited establish the doctrine that the
practice of permitting a cross-appeal by a party in
whose favor an order has been made granting a new
trial upon a less number of grounds than were urged
in the motion therefor is to sustain the order so as to
save the necessity of further proceeding in the trial
court or another appeal on the same record; and that
this court will, in affirming the order, decline to discuss
the additional grounds urged on the motion for the new
trial, as they have not been passed upon by the trial
court, which will not be hampered by those alleged

errors on the score that they have become the law of the case in the event they arise in the course of the new trial ordered.

The order appealed from is affirmed.

PARKER, C. J., TOLMAN, FULLERTON, and MAIN, JJ., concur.