[No. 17433.   Department Two.   November 22. 1922.]

# J. B. Wray, *Appellant,* v. Mae M. Young *et al.,* *Respondents.*[1]

APPEAL (213)—NOTICE OF APPEAL—DESCRIPTION OF JUDGMENT— DISMISSAL. Part of the defendants dismissed from the case at the opening of the trial, are not affected by an appeal by plaintiff from a judgment afterwards entered, specifically described in the notice of appeal without mention of the former judgment, and the appeal will be dismissed as to them.

CONTRACTS (120) — BUILDING CONTRACTS — RIGHT TO RESCIND — NOTICE—ESTOPPEL. Where a purchaser's notice of rescission, stating the grounds, did not mention matters then within his knowledge, he cannot sustain his action for rescission on such matters.

SAME (115)—RESCISSION—GROUNDS—SUBSTANTIAL PERFORMANCE. The purchasers cannot recover money paid on a contract whereby the vendor was to build a house upon the lots sold, and rescind for breach of the contract, where the building was fully completed within five days of the time fixed, except for a few minor details not amounting to a substantial default.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 23, 1922, upon granting a nonsuit, dismissing an action for rescission, tried to the court and a jury.   Affirmed.

*Charles R. Crouch,* for appellant.

*E. P. Whiting,* for respondents Spencer.

*John F. Reed,* for respondents Young.

Hovey, J.—Respondents Young entered into a contract with appellant Wray for the construction of a dwelling upon property belonging to the Youngs and the sale of the property to the appellant after the building should be completed.   The contract was dated February 12, 1921, and provided for the completion of the improvements by May 25 of that year and covered

[1]Reported in 210 Pac. 794.

in considerable detail the character of the improvements. The purchase price of the entire property was $9,500, and appellant paid $1,000 at the date of the contract, which is stated to be a guarantee of performance on the part of appellant, but by the terms of the contract only $500 of this sum was to be paid to respondents Young, the remaining $500 to be retained by the respondents Spencer, who were the real estate agents in the matter. The contract further specified that, upon completion of the building and delivery of the proper title, together with title insurance, appellant was to pay $2,000 in cash, assume mortgages of $3,000 and $1,500, respectively, and the remaining $2,000 was to be paid in installments of $75 or more each month.

At the time the contract was entered into, the construction of the building had been commenced, but the subsequent work was to be according to plans and details desired by the appellant, and the evidence shows that appellant did keep in touch with the subsequent work and directed many of the details thereof. The building did not progress as rapidly as expected and was not completed within the time specified in the contract, and the parties, realizing it was not going to be completed within that time, had a conference at which the appellant specified that the building must be completed by the 25th of June. When this time arrived there were still some unfinished details, but on the 30th of June respondent Mae Young advised appellant that the building was ready and asked him to come in and execute the necessary papers, whereupon appellant informed her that he was through with the house and did not intend to go through with the contract. A few days later formal written notice of tender was served upon appellant, which he refused to

comply with, and thereafter brought this action for the recovery of the $1,000 deposit which he had made.

At the beginning of the trial, respondents Spencer moved for judgment in their favor upon the pleadings and the opening statement of counsel, and this motion was granted and a judgment in their favor entered on December 20, 1921. The trial of the case proceeded, and at the close of appellant's testimony a motion for nonsuit was made by the respondents Young and granted, and judgment entered in their favor on January 23, 1922.

Respondents Spencer moved for a dismissal of the appeal as to them. The notice of appeal specifically describes the judgment of January 23, making no reference to the previous judgment. The appeal will, therefore, be dismissed as to these respondents.

Appellant's action is predicated upon the theory of rescission, and attached to his complaint is a bill of particulars which is a copy of a notice of rescission dated July 1, 1921, and served upon respondents prior to commencing the action, in which is set forth the following as grounds for rescission:

"Failure to complete and deliver the house to be erected on said property in the time specified in said contract, or at all;

"Failure to submit evidence of title or ownership of title insurance for examination by counsel.

"Failure to install heat in accordance with the terms of said contract, or gas, or hardware, or moulding, or edgings, or shutters, or windows, or coils in furnace."

Upon trial he attempted to introduce evidence of other claimed grounds of rescission, viz.: substitution of Royal furnace for a Majestic heater specified in the contract; the placing of the garage partly upon the parking strip, and failure to place brick coping upon one of the porches. The trial court excluded the evi-

dence as to these items upon the ground that they were not embraced within the notice of rescission, and this is assigned as error. The evidence shows that appellant had full knowledge of these matters prior to giving his notice and he is limited to the items stated of which he had knowledge. Black on Rescission and Cancellation, § 559, and cases cited. In addition to this, appellant brought his action upon certain definite grounds and will not afterwards be allowed to depart from the same. *Balkwill v. Spencer*, 45 Wash. 600, 88 Pac. 1029.

The evidence shows that the buildings were fully completed, except for a few minor details to which appellant took exception. These consisted of the absence of a couple of catches to windows, the absence of a strip of moulding in a closet, the absence of one window, and the fact that some of the window panes had been broken; through an error in construction sufficient space had not been allowed for shutters; black registers were used instead of brass. The contract did not specify the kind of registers and appellant relied on an oral understanding as to the kind to be used. The only item of consequence is the absence of shutters. This fact was known to appellant a considerable time before he elected to rescind and he raised no objection, but continued to direct the work about the place. We do not believe that this alone would be sufficient to abrogate a contract for property of this size and cost. The other items are trifling and, according to the testimony of respondent, could be replaced for a few dollars. The failure to install gas, alleged in the notice, was some disagreement as to whether it had been ordered from the gas company. Appellant testified that the coils were not in the furnace on the 25th of June, but did not know whether they had been placed there by the 30th, and the cost

of these was shown to be very small. Rescission will not be decreed except for substantial default, and minor items can be compensated for in an action for damages. 9 C. J. 725, and cases cited.

The testimony shows that the buildings were substantially completed by June 25, and except for the items mentioned, there is nothing to show but the buildings were fully completed by the 30th. It is the contention of respondent that the buildings had to be completely finished by the 25th and that no additional time could be allowed. The law does not hold a contract of this character to so strict performance, but takes knowledge of the fact that in any work of this kind there are bound to arise minor details which can be the subject of controversy and requires only substantial performance within the approximate time set. An analogous case to this is *Giberson v. Fink*, 28 Cal. App. 25, 151 Pac. 371, where the contract did not specify any time for completion and the purchaser, assuming that a reasonable time was intended, after the lapse of what he assumed to be a reasonable time, specified a certain date and the building was not completed until seven days after the date specified. The court held that this was not an unreasonable delay, and relative to the omission of the minor items says the following:

"But, assuming that they were not, the omission to do so is not of sufficient moment to justify the conclusion that the contract and the specifications were not substantially complied with. Such trivial omissions are likely to, and doubtless do, occur in the execution of the terms of nearly all building contracts; but where, as here, the building has been constructed in substantial conformity to the plan and specifications according to which the contractor bound himself to erect it, then such omissions, always capable of being supplied without injury to the structure or the im-

pairment of the rights of the owner under the contract, cannot be made a handle for the repudiation in toto of the contract by the latter.''

We conclude that no sufficient case was made by appellant for rescission and the judgment is affirmed.

PARKER, C. J., FULLERTON, MAIN, and TOLMAN, JJ., concur.