[No. 18623.  Department One.  May 9, 1924.]

KELLY-SPRINGFIELD TIRE COMPANY, *Respondent*, v.
LOTTA MILES TIRE COMPANY, *Defendant*,
A. K. JOHNSON, *Appellant*.[1]

APPEAL (48)—DECISIONS REVIEWABLE—FINAL ORDERS.  An order
striking an answer. and "judgment granted" unless defendant
answer within five days, is not a final order or appealable.

Appeal from an order of the superior court for
Pierce county, Card, J., entered November 24, 1923,
striking defendant's answer for failure to answer in-
terrogatories.  Appeal dismissed.

*Guy E. Kelly* and *Thomas MacMahon*, for appellant.
*Rickabaugh & McElroy*, for respondent.

MACKINTOSH, J.—To summarize the record in this
case: a complaint was filed by Kelly-Springfield Tire
Company against the Lotta Miles Tire Company and
A. K. Johnson, alleging that the Lotta Miles Tire Com-
pany was indebted to the plaintiff in the sum of $18,000,
and that A. K. Johnson, an officer of the Lotta Miles
Tire Company, had guaranteed the account up to the
amount of $10,000, and prayed for a judgment against
the defendant corporation for $18,000 and against
Johnson for $10,000.  Separate appearances were made
by the two defendants, who filed answers making de-
nials of matters contained in the complaint, and set up
affirmative defenses in the nature of counterclaims.
Thereafter the plaintiff submitted interrogatories to be
answered by each of the defendants, directed to mat-
ters contained in their affirmative defenses.  The trial
court ultimately ordered the defendant Johnson to
answer these interrogatories.  His answers thereto

[1]Reported in 225 Pac. 626.

were objected to by the plaintiff, for the reason that they were not responsive, and a motion was made to strike the defendant Johnson's answer to the complaint because of his failure to answer the interrogatories, whereupon the court made the following order:

"It is hereby ordered that said motion be and the same is hereby granted and said answer and the whole thereof is hereby stricken, and judgment granted, unless within five days from this date said defendant shall answer the same under oath, but not upon information and belief, which extension of time is granted upon said defendant's request to be given time within which to answer same upon information and belief. Said defendant's request to plead over and answer only as to such matters as were not inquired about in said interrogatories, is hereby denied."

From this order A. K. Johnson appealed to this court, and the plaintiff has now moved to dismiss the appeal, arguing that it is premature.

As we view it, the motion to dismiss must be granted, for although the order states that judgment is "granted," in truth no judgment could be granted at the time that the order was made against the defendant Johnson. Not until a determination had been made that the defendant Lotta Miles Tire Company was indebted to the plaintiff could any judgment be entered against Johnson as a guarantor, and the effect of the order is merely that Johnson's answer was stricken, and the case would then proceed to a determination of the real matter at issue, that is, whether Lotta Miles Tire Company was indebted to the plaintiff. If the action should result in a judgment against the Lotta Miles Tire Company and against Johnson as guarantor, upon the entry of that judgment Johnson could appeal and present here for review the interlocutory order which struck his answer, based upon his failure

to comply with the order of the court to answer interrogatories.

This is not one of those cases in which certain interlocutory orders are made appealable by statute. Under § 1716, subd. 6, Rem. Comp. Stat. [P. C. § 7290], orders affecting substantial rights which in effect determine the action and prevent a final judgment, or which discontinue the action, are appealable. But the appeal in this case was not taken from this order within fifteen days after its entry, as provided for appeals from such orders, and this case is rested purely upon the right to an appeal from a final judgment.

This court has often held that until final judgment has been entered the appeal is premature. *Vaktaren Publishing Co., v. Pacific Tribune Pub. Co.,* 41 Wash. 355, 83 Pac. 426; *Virtue v. Stanley,* 79 Wash. 87, 139 Pac. 764; *Inman v. Seattle,* 86 Wash. 603, 150 Pac. 1055; *Schutzler v. Times Publishing Co.,* 88 Wash. 236, 152 Pac. 1018; *Nishimoto v. Vernon,* 107 Wash. 555, 182 Pac. 617. In the case last cited we have a situation very similar to the one at bar. There it was held that an order striking an answer of one of the defendants was not appealable as a final judgment, and that before an appeal could be taken by the defendant whose answer had been stricken, a final judgment determining the case upon the merits must be entered.

The following cases cited by the appellant do not cover the situation disclosed by the record here: *Pennsylvania Mortgage Inv. Co. v. Gilbert,* 13 Wash. 684, 43 Pac. 941, 45 Pac. 43, was a mortgage foreclosure suit where an order had been made dismissing the action as to one of the defendants asserting a paramount interest to that of the mortgagee. Such order was held appealable, although no judgment had been entered against the mortgagors. Such an order, of course, determined the issue as between the plaintiff

and those appealing, and was final as between those parties, irrespective of what ultimately might appear between the plaintiff and the other defendants. *Keef v. Tibbals,* 18 Wash. 656, 52 Pac. 227, is a case where an appeal was allowed from an order striking the complaint upon motion of several defendants where there were other defendants who had not been served. The judgment in that case, of course, was appealable because it was a final determination between the parties actually in the case. *Carlson v. Vashon Nav. Co.,* 102 Wash. 75, 172 Pac. 860, dealt with a question that is not in point here. And the same is true of *In re Skagit River Power Site,* 117 Wash. 368, 201 Pac. 300, and *Wray v. Young,* 122 Wash. 330, 210 Pac. 794. In *Whitehead v. Stringer,* 106 Wash. 501, 180 Pac. 486, 5 A. L. R. 358, it was held that an appeal lies from an order sustaining a demurrer to one of the plaintiff's causes of action, since that was a final judgment as to that cause of action. In *In re Hemrich's Estate,* 113 Wash. 667, 194 Pac. 569, the order in effect finally settling an estate was held appealable.

The question which the appellant seeks to raise here is still open to him in the event that a final judgment is entered against him, and his appeal at this time, being premature, is dismissed.

MAIN, C. J., HOLCOMB, TOLMAN, and PARKER, JJ., concur.