[No. 597. Decided January 28, 1890.]

## C. C. TRIPP v. DAVID MAGNUS.

### APPEAL — FINAL ORDER — SUSTAINING DEMURRER.

No appeal can be taken from an order of the district court sustaining a demurrer to a complaint, as such order is not a final decision within contemplation of § 1869, Rev. Stat. U. S., of the organic act of Washington Territory.

### *Error to District Court, Pierce County.*

Action by C. C. Tripp against David Magnus upon an open account of goods sold; demurrer by defendant alleging that the complaint did not state facts sufficient to constitute a cause of action. Plaintiff appealed "from the order, decision and judgment" of the district court sustaining said demurrer.

*Mitchell, Ashton & Chapman,* for plaintiff in error.

*Judson, Sharpstein & Sullivan,* for defendant in error.

An order overruling or sustaining a demurrer is not a final order, and no appeal can therefore be taken from it.

*Moulton v. Ellmaker*, 30 Cal. 527; *Hibberd v. Smith*, 39 Cal. 145; *Ashley v. Olmstead*, 54 Cal. 616.

The opinion of the court was delivered by

DUNBAR, J. — In this case, the motion of the defendant in error to dismiss this appeal, as shown by his brief, is based on but two grounds: (1) Because no notice of the appeal from the judgment rendered in said cause had ever been given in open court, or filed and served on defendant in error or his counsel; and (2) because no assignment of errors has been filed or served upon defendant in error or his counsel within the time required by rule five of this court. And the question whether or not the judgment or order appealed from was not such a final decision as, under the organic act, could be appealed from, was not directly raised in the motion.

But from the arguments in the briefs and the oral arguments of the counsel on both sides, it appears that this was the main question at issue; and, from such arguments and from what the court can gather from the transcript, this is the main question before this court; and thus considering it, this court, especially in view of the uniform decisions of this court during its territorial existence, will hold that this case does not fall within the provisions of § 1869 of the Revised Statutes of the United States; and that the order of the court in sustaining the demurrer is not such a final decision as is contemplated by the statute, and from which an appeal can be taken to this court.

The motion to dismiss this appeal is sustained, with costs of this court.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.