[No. 300.  Decided November 9, 1891.]

R. R. MARSH, *Respondent,* v. F. A. DEGELER, THEODORE HOSS, J. A. HAWLEY AND M. E. HAWLEY, *Appellants.*

NOTICE OF APPEAL—FINAL JUDGMENT—ESTOPPEL.

No notice of appeal given before final judgment can be of any effect in giving the supreme court jurisdiction.

The fact that the respondent subsequently took part in the settlement of the statement of facts does not estop him from moving the dismissal of the appeal for want of jurisdictional process.

*Appeal from Superior Court, Lewis County.*

Action by R. R. Marsh against F. A. Degeler and others for damages for forcible entry and detainer. Judgment for plaintiff, and defendants appeal.

*M. T. Curry,* and *James M. Epler,* for appellants.

*Reynolds & Stewart,* and *H. Julius Miller,* for respondent.

The opinion of the court was delivered by

STILES, J.—The verdict of the jury in this case was rendered March 23, 1891. On the 26th of March a motion for a new trial was submitted and denied. In connection with the journal entry of the order denying the motion for a new trial, there occurs the following:

"To which order of the court in overruling of the defendants' motion for a new trial the defendants by their

attorneys then and there excepted, and pray an appeal to the supreme court, which is allowed."

Judgment was subsequently entered upon the verdict. The motion to dismiss the appeal for want of a notice of appeal must be granted. An appeal does not lie to this court until after final judgment. *Tripp v. Magnus*, 1 Wash. 22. Therefore no notice of appeal given before final judgment can be of any effect. The statutes (Laws 1889–90, p. 333), provided (and the present statute also provides) that a party might give notice of appeal in open court at the time of the rendition of the judgment, and it was entirely competent for the appellants in this case to give their notice in that way. But when this notice was given there was no judgment. True, the court had just taken a very important step in the action adverse to the appellants, and so it may have taken many previous steps to which there were exceptions; but there was no more propriety in giving a notice of appeal upon the denial of the motion for a new trial than there would have been upon the court's refusal to allow a challenge to a juror for cause. Attorneys are perhaps liable to be taken unawares by this rule which allows oral notices of appeal, and, at a stage of a cause so nearly preceding the entry of judgment, are tempted at once to give the court and opposite parties notice of their intention to appeal. But, so long as the law only allows an appeal from a final judgment, there can be no such thing as notice of such appeal until the judgment has been entered; or, what is its equivalent, directed to be entered by the court or judge. The fact that the opposite party, as in this case, subsequently took part in the settlement of the statement of facts, does not estop him from moving for want of jurisdictional process, and having the cause dismissed.

The appeal is dismissed.

ANDERS, C. J., and HOYT, SCOTT and DUNBAR, JJ., concur.