[No. 581.   Decided December 13, 1892.]

N. J. BARTLETT, *Respondent*, v. W. C. REICHENNECKER *et al.*, *Respondents*, AND L. ROTHSCHILD *et al.*, *Intervenors and Appellants*.

APPEAL—FINAL JUDGMENT—FINDINGS OF FACT AND LAW.

Where an appeal is taken in a cause immediately after the making and filing of findings of fact and law by the court and before the entry of judgment thereon, the appeal will be dismissed on the ground that no final judgment had been rendered in the action at the time it was taken.

*Appeal from Superior Court, King County.*

*Finch, Snook & Finch*, and *Ovid A. Byers*, for appellants.

*Hughes, Hastings & Stedman, Fishback, Hardin & McLean, Emmons & Emmons*, and *Frank A. Steele*, for respondents.

The opinion of the court was delivered by

HOYT, J.—This was a suit in equity.   The cause was tried and submitted to the court, who thereafter made findings of fact and law.   Immediately upon the filing of such findings the notice of appeal was given.   Respondent moves to dismiss the appeal on the ground that at the time it was taken no final judgment had been rendered in the action.

It appears from the record that about three months after the making and filing of the findings of fact and law, and of the giving notice of appeal to this court, a formal judgment and decree was signed by the court and filed and entered in the cause.   The respondent argues that this state of facts shows that no judgment had been rendered at the time the notice of appeal was given.   Appellants claim

24—5 WASH.

that the findings of law made by the court was in fact the rendition of judgment. Their contention being that when the court had signed and filed such findings, he had done all that was necessary; that all that remained thereafter was for the clerk, as a ministerial officer of the court, to make a formal entry of a judgment in accordance with such findings. If it appeared from the record that the court, at the time he made and filed the findings of fact and law, intended the same as a judgment in the cause, there would be much force in the contention of appellant, as the findings of law cover substantially the requirements of a formal judgment in the action. We are not satisfied, however, that the court intended such findings as a final adjudication of the cause. The practice in all the courts of the state, so far as we know, is to make and file findings of fact and law in cases in which such findings are considered necessary or proper, and submit the same to the parties for examination, and to allow full opportunity for such findings to be attacked before final judgment is rendered thereon. In the light of a practice of this kind, it not only does not appear affirmatively that in the making of the findings in this case the judge intended to render final judgment, but, on the contrary, it seems to us to affirmatively appear that the judge had no such intention in the making and filing of such findings. This would be reasonably clear if there had been no action on the part of the court after the filing of such findings, and in the light of the fact that long after such findings were filed the court made and signed a formal judgment or decree, and caused the same to be filed and entered in the cause, the presumption that he did not intend the findings to be treated as a judgment is fully established.

We are satisfied that at any time within six months from the date of the signing and filing of the formal judgment in this cause the aggrieved party could have appealed from

such judgment.    If this be so, then it must follow that before such judgment was signed and filed there had been no such decision of the cause as would sustain an appeal to this court.

Under all the circumstances of this case, as disclosed by the record, we are satisfied that at the time the notice of appeal was given final judgment in the cause had not been rendered within the meaning of our statute as to appeals. And such being the case, there was nothing to appeal from, and the attempted appeal must be dismissed.

ANDERS, C. J., and SCOTT, DUNBAR and STILES, JJ., concur.