[No. 1601. Decided March 7, 1895.]

W. F. HAYS *et al.*, *Appellants*, v. J. H. DENNIS *et al.*, *Respondents*.

NOTICE OF APPEAL BEFORE FORMAL JUDGMENT — PLEADING — EXHIBITS — PARTNERSHIP — MORTGAGE BY INDIVIDUAL PARTNER.

A judgment announced by the court is so far complete as to sustain a notice of appeal, although it has not been duly signed and entered.

Under the liberal rule as to construction of pleadings required by our statutes, it is sufficient in an action founded on a written instrument, to attach the instrument to the complaint as an exhibit and make sufficient reference thereto in the complaint to put the defendants on inquiry as to its contents. ( GORDON and ANDERS, JJ., dissent.)

Where a partner, after having obtained an injunction against his co-partner's continuing the business, has acquired possession of partnership property during the pendency of a suit by the latter to dissolve the partnership, and has conducted the business and paid off all the partnership debts, his interest in the property is substantially that of a tenant in common, and a mortgage by him of his interest in such property is valid.

*Appeal from Superior Court, King County.*

*William E. Humphrey*, for appellants:

A judgment is rendered when the court announces his decision, and gives sentence of the law upon the facts in controversy, and the right of appeal comes from such rendition or announcement. It is not neces-

sary to the validity of the judgment or notice of appeal, that such judgment be either entered or signed. These are mere ministerial acts and may be done at any time. 1 Black, Judgments, §§ 106, 109, 110; *Gray v. Palmer*, 28 Cal. 416; *Peck v. Courtis*, 31 Cal. 207; *Genella v. Relyea*, 32 Cal. 159; *In re Cook*, 77 Cal. 220 (11 Am. St. Rep. 267); *McLaughlin v. Doherty*, 54 Cal. 519; *Fleet v. Youngs*, 11 Wend. 527; *Cathcart v. Peck*, 11 Minn. 45; *Childs v. McChesney*, 20 Iowa, 431 (89 Am. Dec. 545); *Ainsworth v. Territory*, 3 Wash. T. 270; 1 Freeman, Judgments (4th ed.), §§ 40, 38, 50.

Exhibits referred to and attached to the complaint are a part thereof. *Wells v. Wilcox*, 68 Iowa, 708; *Mercer v. Hebert*, 41 Ind. 459; *West v. Hayes*, 104 Ind. 251; *Northwestern, etc., Ins. Co. v. Hazelett*, 105 Ind. 212 (55 Am. Rep. 192); *Brown v. Redwyne*, 16 Ga. 67; *Pefley v. Johnson*, 46 N. W. 710; *Minter v. Branch Bank*, 23 Ala. 762 (58 Am. Dec. 315); 7 Am. & Eng. Enc. Law, 484.

A mortgage given by one partner on partnership property for an individual debt, is valid and conveys whatever interest such partner has, subject to the partnership equities; such mortgage can be foreclosed and sold, and the mortgagee takes that interest, whatever it is. *Smith v. Evans*, 37 Ind. 526; *Mechanics' Bank v. Godwin*, 5 N. J. Eq. 334; 17 Am. & Eng. Enc. Law, 966 and notes; Jones, Chat. Mort., § 44; 1 Bates, Partnership, § 187; 2 *Id.* § 927; *Smith v. Andrews*, 49 Ill. 28. The amended complaint shows that, at the time the mortgage was given, one partner had been enjoined from continuing the business, and had brought suit for dissolution. This dissolved the partnership. *Griswold v. Waddington*, 16 Johns. 438, 491; *Dobbins v. Tatem*, 25 Atl. 544; *Whitman v. Robinson*, 21 Md. 30; 2 Bates, Partnership, §§ 570, 574; Parsons, Partnership (3d ed.), 501.

*Steele & Gephart,* and *Frank P. Lewis,* for respondents:

The oral notice of appeal was premature. There is a distinction between the announcement of a ruling and the rendition of judgment thereon. *Dwyer v. Schlumpf,* 6 Wash. 25; *Spokane v. Browne,* 3 Wash. 85; *Reichenbach v. Sage,* 8 Wash. 250.

The amended complaint refers to exhibit "A," which purports to be a chattel mortgage; and to exhibit "B," which purports to be an order or judgment in favor of defendant, Dennis. Without the aid of these exhibits the complaint does not state facts sufficient to constitute a cause of action. The alleged mortgage "must be set forth in the complaint according to its tenor or legal effect, and if it is merely referred to and annexed as an exhibit it will be stricken." *Oh Chow v. Hallett,* 2 Sawy. 259. If matter may be stricken because irrelevant or immaterial, it cannot make a poor complaint good against demurrer. *People's, etc. Ins. Co. v. Goff,* 11 Pa. Co. Ct. Rep. 585; *Merrill v. Central Trust Co.,* 46 Mo. App. 236; *Bayless v. Price,* 31 N. E. 88; *Smith v. Schweigerer,* 129 Ind. 363 (28 N. E. 696.)

The mere dissolution of the firm does not make the members tenants in common in the property but it remains partnership property. *Roby v. American Central Ins. Co.,* 120 N. Y. 515. A mortgage by one partner to his creditor conveys no better interest than that partner had. No specific interest or part of partnership estate can be conveyed or mortgaged. *Coover's Appeal,* 70 Am. Dec. 149; *Bank v. Carrollton Railroad,* 11 Wall. 624.

The opinion of the court was delivered by

HOYT, C. J.—Respondents move to dismiss this appeal for the reason that it was taken before the judg-

ment had been made, signed and entered. That it was taken after the announcement by the court of the terms of the judgment is conceded, and, such being the fact, we think the motion must be denied. The statutes governing appeals should be liberally construed to the end that parties may have a review by this court of the rulings of the superior courts when they so desire. The appeal statute when thus construed will require us to give force to a notice of appeal given after the court had announced its decision, although it was before the signing and entering of the formal judgment. For some purposes the judgment may not be complete until thus signed and entered, but after such announcement it was so far complete as to sustain a notice of appeal.

The only question presented upon the merits is as to the sufficiency of the complaint of appellants. We have been able to gather from the brief of respondents but two grounds upon which they found their contention that such complaint did not state a cause of action. One is that the interest of the mortgagor in the property to foreclose a mortgage upon which the suit was brought was not such that he could make a valid mortgage thereon. The other is that the mortgage and another paper upon which plaintiffs founded rights were not set out either at length or in substance in the complaint; that they were only referred to therein and annexed thereto as exhibits.

That there is a line of cases which hold that a complaint cannot be aided by an exhibit referred to therein and attached thereto is beyond question. But under the liberal rule as to the construction of pleadings under our statute (Code Proc., § 206) the doctrine therein announced is of doubtful authority in any case, and when there is such a statement of the nature of

the paper attached as an exhibit as to put an interested party upon inquiry as to its contents, can be given no force. The reference in the complaint under consideration to the attached exhibits was sufficient to thus put the defendants upon inquiry, and, in our opinion, made them a substantial part of the complaint. Information as to their general nature was given in the body of the complaint, and the means given to obtain the fullest knowledge by easy reference. Hence the complaint fully advised the defendants of the facts relied upon by plaintiffs. And this being its effect, it was good when attacked by general demurrer.

As to the interest of the mortgagor in the property, it is only necessary to say that, upon substantially the same facts in regard thereto as were shown by the complaint in this action, his interest therein was determined by this court in the case of *Dennis v. Kass & Co., ante,* p. 353. It will, therefore, not be necessary for us to enter into a discussion of that question. From what was therein said it will be seen that, in the opinion of this court, the interest of the mortgagor was substantially that of a tenant in common. Hence, under well settled rules, it was within his power to give a mortgage which would cover his interest in the property.

In addition to the facts which appear in the case just referred to, an additional fact is set out in this complaint to the effect that the affairs of the partnership had been fully adjudicated in a suit between the partners, and a lien on the property in question declared in favor of the mortgagor for something over five hundred dollars. The reasons for holding that he had such an interest in the property as would authorize him to make a mortgage thereon are greatly aided by this adjudication, and if the conclusion to which we

arrived in the case cited was correct, it is beyond question that under the facts stated in this complaint the mortgagor had an interest in the property which he could incumber by mortgage.

In our opinion the complaint stated a cause of action, and the superior court committed error when it sustained a general demurrer thereto. Judgment will be reversed, and the cause remanded with instructions to overrule the demurrer.

SCOTT and DUNBAR, JJ., concur.

GORDON, J. (*concurring*).—I concur in the result; but am not prepared to extend what is said in the opinion concerning the failure of plaintiff to set out " at length or in substance" the instrument upon which his right to a recovery is founded to all cases, nor to adopt it as a rule of pleading. By far the better and safer rule is that a complaint should state a cause of action *by its averments without reference to exhibits*. Here, however, the exhibit is a chattel mortgage — something which has a fixed and definite meaning in law and in English, and hence I think the reference to it in the pleading is permissible and sufficient.

ANDERS, J., concurs in the above.