[No. 8164.  Department Two.  March 24, 1910.]

JOHN M. LEFEVER *et al., Respondents*, v. MARY BLATTNER, *Appellant.*[1]

APPEAL — NOTICE OF APPEAL — ORAL — TIME FOR TAKING.  Under Rem. & Bal. Code, § 1719, authorizing an oral notice of appeal in open court at the time judgment is rendered, an oral notice given April 22d, at the time of overruling a motion for new trial, is ineffectual as an appeal from the judgment entered March 1st.

APPEAL—DECISIONS REVIEWABLE—VACATION OF JUDGMENT—NEW TRIAL.  An order refusing to vacate a judgment and grant a new trial is not appealable.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 1, 1909, upon findings in favor of the plaintiff, after a trial before the court without a jury.  Appeal dismissed.

*Willett, Oleson & Willett*, for appellant.

*Herbert E. Snook*, for respondents.

PER CURIAM.—This action was commenced by John M. Lefever and wife, against Mary Blattner, to recover damages for defamation of character.  Trial was had before Honorable Arthur E. Griffin, judge of the superior court of King county, without a jury, on November 14, 1907, at which time, after hearing the evidence, he announced his finding for the plaintiff in the sum of $200, and a minute to that effect was entered on the court journal.  The defendant interposed a timely motion for a new trial, which was denied by Judge Griffin on January 6, 1909.  No findings of fact, conclusions of law, or final decree were signed or entered by Judge Griffin, and his term of office expired on January 11, 1909, at which time Honorable Wilson R. Gay succeeded him as superior judge.  On March 1, 1909, Judge Gay, relying on the order of Judge Griffin and without hearing the evidence, made and

[1]Reported in 107 Pac. 835.

filed findings of fact and conclusions of law in favor of the plaintiffs, and entered a final judgment thereon. The defendant thereupon moved for a vacation of the judgment and a new trial. This motion was denied on April 22, 1909, and the defendant has appealed.

The respondents have moved to dismiss, for the reason that no sufficient notice of appeal has been given or served. It is conceded that the notice upon which the appellant relies was an oral one given in open court on April 22, at the time of the denial of her last motion for a new trial and a vacation of the judgment. No oral notice was given on March 1, 1909, at the time the final judgment was entered. Nor has any written notice been given. The statute, Rem. & Bal. Code, § 1719, provides that:

"A party desiring to appeal to the supreme court under the provisions of this title may, by himself or his attorney, give notice in open court or before the judge, if the judgment or order appealed from is rendered or made at chambers, at the time when such judgment or order is rendered or made, that he appeals from such judgment or order to the supreme court, and thereupon the court or judge shall direct the clerk to make an entry of such notice in the journal of the court. . . ."

The oral notice should have been given on March 1, 1909, when the final judgment was entered, and it is evident that an oral notice given on April 22, 1909, is insufficient. Appellant, however, contends that she has appealed from the order to vacate the judgment; that she gave oral notice when that order was rendered and made. The journal entry of the oral notice fails to state the particular order from which the appeal was taken. In her appeal bond the appellant recites that it was from the judgment entered on March 1, 1909, and this seems to have been her intention. If the appeal is from the order of April 22, 1909, refusing to vacate the judgment and grant a new trial, appellant can have no standing in this court, as under the rule announced in *Sound Investment Co. v. Fairhaven Land Co.*, 45 Wash. 262, 88 Pac. 198,

it is not an appealable order.  The appeal cannot be sustained, whether taken from the final judgment of March 1, 1909, or from the order refusing to vacate the judgment entered on April 22, 1909.  As to the former, no sufficient notice was given, while the latter order is not appealable.

The appeal is dismissed.