[No. 12800. Department Two. February 10, 1916.]

## H. A. TEMPLETON, *Appellant,* v. JOHN F. WARNER *et al.,* *Respondents.*[1]

APPEAL—TIME OF TAKING—BEFORE OR AFTER JUDGMENT. Where a notice of appeal, served after signing but before entry of the judgment, was not filed until after the entry, the appeal was not "taken" until after judgment.

SPECIFIC PERFORMANCE — SALE OF STOCK — REMEDY IN DAMAGES. Specific performance of a written contract to buy stock and deliver a note in payment will not be granted in the absence of circumstances making a note indispensable; since the action is one for damages, and it is immaterial that the stock was that of a close corporation and of no value if left in the seller's hands.

FRAUD—REPRESENTATIONS—OPINIONS. Fraud as a defense to an action for breach of contract to buy stock is not established by evidence of representations which amount to mere opinions, and which the witness was not sure had ever been uttered.

PARKER, J., dissents.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered December 15, 1914, upon findings in favor of the defendants, in an action for specific performance. Reversed.

*Trefethen, Grinstead & Laube,* for appellant.

*McClure & McClure* and *Robert McMurchie,* for respondents.

BAUSMAN, J.—The service of this appeal was after the signing, and before the entry, of the decree. Its filing was after that entry. The filing being a part of the taking of an appeal under our statute, we hold that there was here an appeal after, and not before, a judgment. A motion to dismiss is consequently overruled. We also notice, but find it unnecessary to discuss, a motion to strike the statement of facts. That, too, is denied.

This suit was begun in equity for specific performance, or damages as a mere alternative, of a written contract to buy

[1]Reported in 154 Pac. 1081; 157 Pac. 458.

shares of stock and to deliver a note in payment of them, but plaintiff has no standing in equity, as he alleges no circumstances making a note peculiarly indispensable to his rights. His grievance was a proper one for damages only, and so the court ruled. The case then proceeded at law without a jury, as neither side claimed one or objected to that procedure.

We have here a shareholder agreeing in writing to buy the stock of another shareholder who was also manager. The defendant, while he did not know as much about its affairs as plaintiff, was very far from being ignorant of the condition, and six months before he had warned plaintiff to do better as manager. Entering into the agreement after long discontent, he would now escape by showing that plaintiff represented certain assets, the bills payable, to be worth substantially more than they were. The agreement itself contains no warranties or representations at all. We do not find in the whole testimony anything to prove that any representations were false, that the few so-called representations uttered were other than mere opinions about value, that any opinions were regarded as important or given as inducements, or that defendant went into the bargain because he relied on them.

What shall be said of a person who, endeavoring to brand another with fraud, can put his grievance so weakly as this: "I know he told me the business was in good shape, and it appears to me he told me that the bills receivable and bills payable were about equal, but I will not say for sure he did?" It is not thus that fraud is to be put in another man's mouth, and he but pretends to have placed reliance on words who is not sure that they were ever uttered.

The lower court having sustained this defense, the judgment must be reversed, and since, sustaining the defendants, the learned trial judge did not feel called upon to measure plaintiff's damages, and the record here is not such that this court can do so, the cause is remanded for further proceedings not inconsistent with this opinion.

MORRIS, C. J., MAIN, and HOLCOMB, JJ., concur.

PARKER, J. (dissenting)—I am unable to view the facts as they are viewed by my brethren in the foregoing opinion. I think the representations made by the appellant were false and such as to entitle respondent to avoid the sale contract, in view of appellant's knowledge of the business affairs of the concern and respondent's want of knowledge thereof.

## ON PETITION FOR REHEARING.
[Decided May 9, 1916.]

PER CURIAM.—Appellant, in petition for rehearing, argues again for specific performance. The stock, he says, was that of so close a corporation that there could be no market for it when left on his hands. Now, this was not the buying of rare stock necessary to a control, but the selling of it and selling it at a given price. Appellant himself argues that damages are recoverable at the contract price with a mere holding of the stock hereafter subject to defendant's order. So the stock is already sold and defendant is to pay for it. It is plainly a case for damages, and it would not follow that, supposing the situation to be reversed and respondent entitled to specific performance because of the rarity of the stock, appellant would be entitled to it. Nor did we remand this cause for further hearing for want of a measure of damages, but for want of data to apply.

Passing specific performance, appellant contends that there is already testimony sufficient for the assessment of damages here. Assuming the measure to be the contract price, he properly demonstrates that price and the amount of the note that was to be given for it by a calculation prescribed in the contract itself. Yet the data is wanting still. The bills receivable that could be discarded out of the assets in the calculation are not established in amount and number, and we shall not charge the defendant with the full amount of these for the mere reason of his refusal to perform the contract. Additional reason for further proof below is manifest in the fact that the interest on the note was not fixed by

the contract but was to vary with the profits of the three preceding years. Now, these were not shown, other than that for about a year before there had been none. We are, therefore, left in the dark as to what rate of interest should be included in the damages from the date of the note to the date of the judgment.

Appellant's petition is denied. There is also denied the petition by respondents.