[No. 21280.   Department One.   August 27, 1928.]

ROSE BLOOMBERG, *Appellant* v. A. R. BLOOMBERG *et al.,*
*Respondents.*[1]

[1] HUSBAND AND WIFE (120)—ALIENATION OF AFFECTIONS—EVIDENCE
—WEALTH OF DEFENDANTS. In an action for alienation of affec-
tions, brought against relatives of the husband, to whom a con-
veyance was made by the husband of all his interest in their
partnership business at an alleged inadequate consideration, and
in which a conspiracy was alleged, it is not error to receive evi-
dence of the value of the interests conveyed to the defendants,
where the court instructed the jury that they could not con-
sider evidence of the wealth of the defendants except only as it
might affect the actions of the husband.

[2] APPEAL (44, 46)—DECISIONS REVIEWABLE—FINAL ORDERS. Defen-
dant, granted a new trial in a jury case, cannot appeal from an
order denying his motion for judgment notwithstanding the ver-
dict for plaintiff; since there is no final appealable judgment,
and a cause cannot be brought up for review by piecemeal.

Cross-appeals from orders of the superior court for
Cowlitz county, Kirby, J., entered February 23, 1928,
granting defendants a new trial, and denying a judg-
ment n. o. v., after the verdict of a jury rendered in
favor of the plaintiff, in an action for alienation of
affections.   Reversed on plaintiff's appeal.

*J. E. Stone* and *Hayden, Langhorne & Metzger,* for
appellant.

*Lord & Moulton,* for respondents.

TOLMAN, J.—The plaintiff sued for damages for the
alienation of the affections of her husband and loss of
support.   The defendants are the father, mother, and
brother of the husband.   The case was tried to a jury,
and a verdict in favor of the plaintiff in the sum of
five thousand dollars was found.   The defendants
moved for judgment, notwithstanding the verdict, and

[1]Reported in 269 Pac. 852.

for a new trial. The motion for judgment n. o. v. was
denied and the motion for a new trial was granted
upon the sole ground, so stated in the order, that error
was committed in permitting the introduction of testi-
mony tending to show the wealth of the defendants.

The plaintiff has appealed from the order granting
a new trial and the defendants have cross-appealed
from the order denying their motion for judgment n.
o. v. But a very brief statement of the facts will be
necessary to an understanding of the question pre-
sented by the plaintiff's appeal.

It appears that the plaintiff was married to Saul
Bloomberg on January 31, 1926. A honeymoon trip
to California followed the wedding, and on March 1,
1926, the young couple returned to Kelso and took up
their home with the husband's parents; all of the par-
ties to this litigation residing under the same roof
constituting one family and all being engaged in, or
interested in, a mercantile business carried on under
the name of the Peoples' Department Store, in Kelso.

Prior to the marriage, there had been filed with the
county clerk of Cowlitz county a certificate to the effect
that A. R. Bloomberg, the father, and Benjamin Bloom-
berg and Saul Bloomberg, the two sons, were equal
partners in this business. The husband Saul, after
the return from the wedding trip, resumed his duties
in the store and the young wife also was assigned to
duties as a sales lady in the store conducted by the
family. On March 19, 1926, just nineteen days after
the return of the young couple from their wedding
trip, the husband Saul made, executed and delivered
to his father and brother a bill of sale reciting a con-
sideration of One Dollar, by which he conveyed to them
all his interest in the Peoples' Department Store.
There was other evidence in the case from which the
jury might have found that there was an actual con-

sideration of fourteen hundred to fifteen hundred dollars.

According to the evidence offered by the plaintiff, the defendants had, from the very first day of the return of the bridal couple to Kelso, started upon a systematic plan of procedure calculated to alienate the affections of the husband and wreck the marriage. It seems to have been her contention that this bill of sale was procured from the husband as part of the plan to break up the marriage and without any consideration in fact moving to the husband therefor. As tending to support these contentions, the plaintiff, when on the witness stand, was asked:

"Q. Shortly after your return from California and some days prior to the 19th of March, 1926, did you ever hear Mr. Bloomberg, Senior, state in your presence of your hearing, a conversation with you or Mr. Jarvis or any one else, the value of the stock of goods in the store? A. Yes. [Objected to by counsel for defendant. Objection overruled.] Q. What did he say? [Objected to by counsel for defendant as incompetent, irrelevant and immaterial. Objection overruled.] A. I overheard him telling Mr. Jarvis that the stock was worth between seventy-five thousand and one hundred thousand dollars, and was all paid for. Q. Did you ever hear him state anything about the value of the building down there? A. Yes, I overheard him say that the warehouse they built cost them twenty thousand dollars, and that the building when he first bought it in, including the warehouse, was about twenty-five thousand dollars."

Assuming that the testimony quoted might tend in a manner toward showing the wealth of the defendants, yet it is evident that was not the purpose for which it was offered. The objection interposed clearly indicates that the defendants' counsel understood and recognized that fact. The plaintiff was here seeking

to prove her allegations of a conspiracy to alienate the husband's affections and deprive her of support. The support to which she would be entitled would be measured by the husband's means and condition, the value of what was conveyed must be known before the adequacy of the consideration can be determined; and if he, without consideration, or for an inadequate consideration, parted with his business and his sole means of livelihood at the solicitation of the defendants, and if they were the only parties benefited by the transfer, those facts might have great weight in the determination of the question of whether or no the defendants were engaged in carrying out such a conspiracy.

No doubt, if a proper objection had been made, the court would have told the jury not to consider this testimony as bearing on the wealth of the defendants; but however that may be, the court gave an instruction such as was approved by this court in *Cramer v. Cramer,* 106 Wash. 681, 180 Pac. 915, to the effect that they were not to consider any testimony offered and received showing the wealth of the defendants, except only as that evidence might affect the actions of the husband. We think that instruction was sufficient and, so limited, there was no error in admitting the evidence referred to.

[2] The cross-appeal by the defendants seems to fall directly within the rule announced in *Crooks v. Rust,* 125 Wash. 563, 216 Pac. 869:

"Appellant, having been granted a new trial, cannot appeal upon the ground of a denial of the motion for judgment notwithstanding the verdict, for the reason that there has been no final appealable order or judgment entered, and 'this court will not "permit a cause to be brought before it by piecemeal for review, unless clearly authorized so to do by legislative enactment."'

*Schlotfeldt v. Bull,* 13 Wash. 242, 54 Pac. 33; *Windt v. Banniza,* 2 Wash. 147, 26 Pac. 189.''

Were the rule otherwise, it would avail the defendants nothing because a study of the whole record shows there was ample evidence to take the case to the jury.

The trial court erred in granting a new trial. That order is reversed with directions to enter judgment on the verdict.

FULLERTON, C. J., PARKER, FRENCH, and MITCHELL, JJ., concur.