[No. 22149.   Department One.   October 29, 1929.]

ERNEST L. STRICKLAND, *Respondent,* v. RAINIER GOLF & COUNTRY CLUB, *Appellant.*[1]

[1]Reported in 281 Pac. 491.

*Raymond D. Ogden* and *A. L. Erickson,* for appellant.

*John F. Dore,* for respondent.

PARKER, J.—The plaintiff, Strickland, seeks recovery of damages for personal injuries which he claims to have suffered as the result of the negligence of the defendant country club. On May 8, 1929, upon a jury trial in the superior court for King county, the jury rendered a verdict awarding to Strickland recovery against the country club in the sum of $6,500. Thereafter, on the same day, counsel for the country club served upon counsel for Strickland a motion asking for judgment in favor of the country club notwithstanding the verdict, and, in the alternative, for a new trial. On May 9, the motion was filed in the action in the office of the clerk of the superior court. On July 22, the motion being argued and submitted to the court for disposition, it was in all respects denied and an order entered accordingly. On July 27, counsel for the country club served upon counsel for Strickland a notice of appeal directed to Strickland and his counsel, and filed it in the action in the office of the clerk of the superior court, reading as follows:

"You, and each of you are hereby notified that the above named defendant, Rainier Golf & Country Club, a corporation, feeling aggrieved at the verdict and *judgment* rendered against it in favor of the plaintiff in the above entitled cause, and at all proceedings occurring at the trial and at the order denying the defendant's, Rainier Golf & Country Club, motion for judgment notwithstanding the verdict and/or for a new trial, the defendant, Rainier Golf & Country Club, hereby appeals from the said verdict and *judgment* and each and every part thereof, and from all proceedings occurring at the trial and from the order denying the said defendant's motion for judgment notwithstanding the verdict and/or for a new trial, and each

and every part thereof, to the supreme court of the state of Washington.''

We italicize the word ''judgment'' for a purpose presently to be noticed. On July 30, the trial judge signed and caused to be duly entered a formal judgment awarding to Strickland recovery against the country club in the sum of $6,500, in accordance with the verdict. On the same day, there was duly executed by the country club, with proper surety, a sufficient cost and supersedeas bond in the action, which was then filed in the action in the office of the clerk of the superior court. On September 9, counsel for Strickland served upon counsel for the country club, and filed in this court, a motion to dismiss the appeal, bringing here a transcript of the record of the cause in the superior court, from which the above summarized facts appear. On September 20, 1929, this motion to dismiss came on for hearing in this court, when it was argued and submitted by counsel for the respective parties for disposition.

Rule X, adopted by this court on January 14, 1927, in pursuance of its statutory rule-making power, reads, in so far as we need here notice its language, as follows:

''In civil actions and proceedings an appeal from any final judgment must be taken within thirty days after the day of the entry of such final judgment; . . .''

This rule may be found in 140 Wash. p. xlii, and in Rem. 1927 Sup., § 308-10. The adoption of this rule by the court changed the then statutory rule by merely substituting ''thirty days'' for ''ninety days'' as the time limit for taking appeals in civil actions. See Rem. Comp. Stat., § 1718.

The contentions here made in support of Strickland's motion to dismiss the appeal of the

country club are, in substance, that the notice of appeal is ineffectual because it was given prior to the entering of the judgment; and that, as a mere notice of appeal from the order denying the motion for judgment notwithstanding the verdict, and, in the alternative, for a new trial, it is ineffectual because such order is not appealable, but only reviewable upon an effectual appeal from the final judgment. Counsel for the country club do not seriously contend that the notice of appeal is effectual as a mere appeal from the order denying the motion for judgment notwithstanding the verdict, and, in the alternative, for a new trial; but contend that the notice of appeal is effectual as an appeal from the final judgment entered against it on the verdict, though the judgment was entered three days after the giving of the notice of appeal.

We have taken pains to quote the notice of appeal so as to make plain that it, in terms, gives notice of appeal from the *judgment,* manifestly meaning the formal judgment, the entering of which was, with practical certainty, to follow in due course, and as to the entry of which nothing further stood in the way; that is, there was nothing further for the court to decide preliminary to the entering of the judgment in accordance with the verdict. Indeed, Strickland's right to such judgment had by the verdict and by denial of the motion of the country club for judgment notwithstanding the verdict, and, in the alternative, for a new trial, become fixed, except for the barely possible occurrence of some extraordinary event not at all likely to occur. Now, this is not a case of no judgment ever having been entered, as in *Robertson v. Shine,* 50 Wash. 433, 97 Pac. 497, and *Codd v. Von Der Ahe,* 92 Wash. 529, 159 Pac. 686; but it is a case of a mere technical, premature giving of a notice of appeal from a judgment entered, and which it was well known

from the then state of the record would practically·inevitably be entered, in due course, and which was entered accordingly, a proper cost and supersedeas bond being then executed and filed. It seems to us that the service of the notice of appeal and its filing should, under these circumstances, be now deemed as served and filed on the day the judgment was entered, for the purpose of determining the timeliness of such service and filing.

We find among our decisions the following observations touching the spirit of our civil appeal statutes as existing prior to the adoption of this rule of the court shortening the time for taking such appeals. In *Marsh v. Degeler*, 3 Wash. 71, 27 Pac. 1073, Judge Stiles, speaking for the court, said:

"When this notice was given there was no judgment. True, the court had just taken a very important step in the action adverse to the appellants [denied their motion for new trial], and so it may have taken many previous steps to which there were exceptions; but there was no more propriety in giving a notice of appeal upon the denial of the motion for a new trial than there would have been upon the court's refusal to allow a challenge to a juror for cause. Attorneys are perhaps liable to be taken unawares by this rule which allows oral notices of appeal, and, at a stage of a cause so nearly preceding the entry of judgment, are tempted at once to give the court and opposite parties notice of their intention to appeal. But, so long as the law only allows an appeal from a final judgment, there can be no such thing as notice of such appeal until the judgment has been entered, or, what is its equivalent, directed to be entered by the court or judge."

That was a notice of appeal from the order denying appellant's motion for a new trial. It is true that holding seems to be that the notice of appeal was ineffectual because given before final judgment, but it was not in terms a notice of appeal from the final judgment. It is true, in the record in this case brought here from

the superior court, we are not advised that the court, upon disposition of the motion for judgment notwithstanding the verdict and, in the alternative, for a new trial, expressly announced or directed a final judgment to be entered, but the disposition of that motion, in view of the condition of the record at that time, practically amounted to an announcement of a final judgment and the direction of its entry, in view of the fact that nothing further was to be decided by the court as a preliminary to the entering of a final judgment. In *Hays v. Dennis,* 11 Wash. 360, 39 Pac. 658, Chief Justice Hoyt, holding that the oral announcement of a judgment by the court would sustain a notice of appeal from the judgment as ultimately entered, said:

"Respondents move to dismiss this appeal for the reason that it was taken before the judgment had been made, signed and entered. That it was taken after the announcement by the court of the terms of the judgment is conceded, and, such being the fact, we think the motion must be denied. The statutes governing appeals should be liberally construed to the end that parties may have a review by this court of the rulings of the superior courts when they so desire. The appeal statute when thus construed will require us to give force to a notice of appeal given after the court had announced its decision, although it was before the signing and entering of the formal judgment. For some purposes the judgment may not be complete until thus signed and entered, but after such announcement it was so far complete as to sustain a notice of appeal."

We conclude that, under the circumstances here appearing, the notice of appeal, as well as the cost and supersedeas bond, must be deemed as of the same effect as if served and filed July 30 following the entry of the judgment on that day.

The motion to dismiss the appeal is denied.

TOLMAN, and BEALS, JJ., concur.

212

Millard, J. (dissenting)—The statute clearly prescribes that the appeal must be taken from the final judgment, which was not done. The premature notice of appeal is not in compliance with the statute, therefore the motion should be granted.

Mitchell, C. J., concurs with Millard, J.

[1]Reported in 281 Pac. 494.