Fullerton, J.
 

 This is an action instituted by Ernest L. Strickland, as plaintiff, against the Rainier
 
 *639
 
 Golf
 
 &
 
 Country Club and others, as defendants, to recover in damages for personal injuries. The action was tried by the court below sitting with a jury, in which action a verdict was returned against the Rainier Golf
 
 &
 
 Country Club alone, the action having been dismissed as against the other defendants during the course of the trial. After the return of the verdict, the country club moved for a judgment in its favor notwithstanding the verdict, and, in the alternative, for a new trial. These motions were overruled by the trial court by a formal order dated July 22, 1929; the order, however, reciting that the motions were “denied as of the 29th day of June, 1929.” A judgment was entered in conformity with the verdict on July 30, 1929.
 

 On July 27,1927, three days prior to the entry of the formal judgment, the Rainier Golf & Country Club served and filed a notice of appeal from “said verdict and judgment, and from each and every part thereof.” Subsequent thereto the respondent moved in this court for a dismissal of the appeal, basing his motion on the ground that the appeal had been prematurely taken. The motion was heard by a Department of the court, and a written opinion was handed down denying the motion.
 
 Strickland v. Rainier Golf & Country Club,
 
 154 Wash. 206, 281 Pac. 491. Thereafter a petition for rehearing was granted, and the motion was re-argued before the court sitting
 
 En Banc.
 
 At the same time, the merits of the cause were also argued and submitted.
 

 At the argument before the court
 
 En Banc,
 
 it was earnestly insisted that the Department was in error in its conclusion, and a majority of the court are now constrained to adopt that view. It must be confessed that our decisions on the question involved are
 
 *640
 
 not altogether in harmony. In the early case of
 
 Marsh v. Degeler,
 
 3 Wash. 71, 27 Pac. 1073, it appeared that a verdict of the jury in favor of the plaintiff in the action was returned on March 23, 1891. On March 26 following, a motion on the part of the defendant for a new trial was submitted and denied. The defendant thereupon gave a notice of appeal. A judgment was subsequently entered on the verdict. After the record had been lodged in this court, the defendant moved to dismiss the appeal. This motion the court granted, using this language:
 

 “An appeal does not lie to this court until after final judgment.
 
 Tripp v. Magnus,
 
 1 Wash. 22 (23 Pac. Rep. 805). Therefore no notice of appeal given before final judgment can be of any effect. The statutes (Laws 1889-90, p. 333) provided (and the present statute also provides) that a party might give notice of appeal in open court at the time of the rendition of the judgment, and it was entirely competent for the appellants in this case to give their notice in that way. But when this notice was given there was no judgment. True, the court had just taken a very important step in the action adverse to the appellants, and so it may have taken many previous steps to which there were exceptions; but there was no more propriety in giving a notice of appeal upon the denial of the motion for a new trial than there would have been upon the court’s refusal to allow a challenge to a juror for cause.”
 

 In
 
 Bartlett v. Reichennecker,
 
 5 Wash. 369, 32 Pac. 96, a similar question arose, and the decision in the earlier case was followed; the court, in the course of its opinion, making this pertinent observation:
 

 “We are satisfied that at any time within six months from the date of the signing and filing of the formal judgment in this cause the aggrieved party could have appealed from such judgment. If this be so, then it must follow that before such judgment was signed and filed there had been no such decision of the cause as would sustain an appeal to this court.”
 

 
 *641
 
 In
 
 Hays v. Dennis,
 
 11 Wash. 360, 39 Pac. 658, there was a seeming departure from the earlier rule. In that case the notice of appeal was given before the judgment had been “made, signed and entered,” but after the court had announced the “terms of the judgment.” The court refused to dismiss the appeal, resting its conclusion on the ground that the appeal statute should be liberally construed, and that such a construction required a denial of the motion. The court, however, did not in its opinion notice the prior cases, possibly because, as the briefs in the case show, they were not called to its attention.
 

 The case has been cited but twice by us since it was handed down; the first time in
 
 O’Neile v. Ternes,
 
 32 Wash. 528, 73 Pac. 692, where it was mentioned with apparent approval. But it will be observed from an examination of the case that the question now involved was not there presented. In that case the notice of appeal designated the judgment appealed from as a judgment entered on the 20th day of a certain month, whereas the record showed that the judgment actually entered in the cause was entered on the 21st day of the named month. The motion to dismiss was based on the ground that it did not appear from the notice that the judgment appealed from was the judgment filed ¡and entered in the cause. The court denied the motion on the ground that the notice designated the judgment appealed from “not only with reasonable, but with absolute certainty, ’ ’ and was not thus indefinite. The purpose of citing the case of
 
 Hays v. Dennis,
 
 was to show that the defect in the appeal notice could not avail the respondent, even had the notice been defective in the manner for which he contended. It is noticeable here also, that the court did not refer to its prior conflicting decisions.
 

 The case is cited the second time in
 
 Robertson v.
 
 
 *642
 

 Shine,
 
 50 Wash. 433, 97 Pac. 497, and then only for the purpose of showing its inapplicability to the question there presented. This case is noticeable for another reason; it questions the soundness of the cited case.
 

 Since the decisions in the cited case, we have determined many cases in direct conflict with the principle there announced.
 

 In
 
 Russell v. Schade Brewing Co.,
 
 49 Wash. 362, 95 Pac. 327, the court, after reviewing the facts before it, and citing numerous cases, used this language:
 

 “At no time did the court make a decision in writing favorable to appellant, and we think, particularly in view of our statute, that a distinction must be made between a mere opinion of a trial court and its decision. . . . It follows that when an action at law is tried by the court without a jury, the mere announcement of an oral opinion is not the decision within the meaning of our statute, since the ‘decision,’ as it is named in the statute, ‘shall be given in writing and filed with the clerk.’ Until that has been done the decision that shall be rendered is still within the mind of the court and under its control. In the case at bar the court did not review any actual decision, and but one was rendered within the meaning of our statute.” .
 

 In
 
 Robertson v. Shine, supra,
 
 the defendant sought to appeal from an oral pronouncement of the court made at the conclusion of the trial. The court held that an appeal would not lie, as the oral pronouncement
 

 “. . . was nothing more than an announcement of the court of its conclusions from the evidence, which must be expressed in a formal written judgment before it becomes binding upon either party.”
 

 In
 
 In re Christensen’s Estate,
 
 77 Wash. 629, 138 Pac. 1, the trial court, in deciding the case, filed a memorandum opinion in which it announced its findings and conclusions. An appeal was taken before any formal judgment was entered, and, passing on a motion to
 
 *643
 
 dismiss the appeal made in this court, we used this language:
 

 “While it is possible that the merit of this case could be as conveniently discussed under the present appeal as if a formal order had been entered below, we are nevertheless constrained to hold, in the interest of orderly procedure, that the appeal is premature. It has been the practice of this court — and in the light of the statute, Bern. & Bal. Code, §§ 442, 1716 (P. C. 81 §§ 787, 1193), no other practice should be tolerated— to treat a memorandum decision of the superior judge as a direction to counsel in the preparation of the formal orders contemplated by our practice acts. We think, therefore, that, until a formal order is entered denying the petition of the administrator and the petition in intervention of the German-American State Bank, no appeal can be prosecuted. ’ ’
 

 In
 
 Inman v. Seattle,
 
 86 Wash. 603, 150 Pac. 1055, a verdict was returned against the defendant city. The city moved for judgment notwithstanding the verdict, and, without waiting for the final judgment, appealed to this court. On motion we dismissed the appeal, using this language:
 

 “The respondent moves that the appeal be dismissed, and that the cause.be remanded to the superior court in order that the plaintiff’s motion for a new trial may be passed upon by that court. This motion must be sustained for two reasons: First, the record shows neither that the statutory judgment had been entered upon the verdict by the clerk, nor that a formal written judgment had been signed by the trial judge and entered; and second, since the plaintiff’s motion for a new trial was pending and undisposed of at the time the appeal was taken, the appeal was premature.”
 

 In
 
 Chaffee v. Hawkins,
 
 89 Wash. 130, 154 Pac. 143, 157 Pac. 35, there was a motion to dismiss the appeal based on two distinct grounds. This motion we did not notice in the opinion first handed down by the court, but determined the cause upon its merits, reaching a
 
 *644
 
 conclusion contrary to that of the court below. In his petition for rehearing, the party moving to dimiss the appeal complained because his motion was ignored. Passing upon the petition for rehearing, we said:
 

 “The first ground of the motion to dismiss is that appellant, having given a notice of appeal and bond, this court was vested with jurisdiction, and that such notice, and bond could not, thereafter, be ‘withdrawal upon the
 
 ex parte
 
 motion of the appellant; that the notice and bond having been actually withdrawn, there is no valid bond upon which respondents might depend if successful in this court. We did not notice this ground of motion for two reasons; the respondents did not prevail upon the appeal, and appellant thereafter gave notice that he had abandoned his attempted appeal and had filed another notice and appeal bond within the time allowed for appeal. This, appellant had a right to do under the statute, and it is a matter of no materiality whether the original notice and bond were withdrawn or allowed to remain as a part of the files of the court. Rem. & Bal. Code, § 1735 (P. C. 81 § 1223);
 
 Carstens & Earles v. Seattle,
 
 84 Wash. 88, 146 Pac. 381;
 
 State v. Miller,
 
 80 Wash. 487, 141 Pac. 1139.
 

 “We did not notice the second ground for dismissal of the appeal, because the contention of the parties rests upon a difference as to when the judgment was rendered, and when a motion for a new trial was overruled. Inasmuch as there is a formal order of the court reciting that the motion for new trial was argued and overruled on the 26th day of January, 1915, we did not feel at liberty to question it upon respondent’s assertion that they did not know of its existence” until in the preparation of their defense on this appeal. The place to correct such errors is in the court below.
 

 “Another and sufficient reason for passing the second ground of the motion to dismiss is that we have heretofore held that the announcement of the court’s intention, either orally or by way of memorandum opinion, is not the entry of a judgment; that the appealable order is the final and formal judgment of the court.”
 

 
 *645
 
 In
 
 In re Cliff Avenue,
 
 122 Wash. 335, 210 Pac. 676, referring to onr former holdings on the question of the necessity of a final judgment to support an appeal, we said:
 

 “We have held on appeals from the superior court to this court that a notice of appeal is premature if given before judgment is entered, and that upon the ground that there is no judgment to appeal from.”
 

 See, also,
 
 Sound Inv. Co. v. Fairhaven Land Co., 45
 
 Wash. 262, 88 Pac. 198;
 
 Cline Piano Co. v. Sherwood,
 
 57 Wash. 239, 106 Pac. 742;
 
 Lefever v. Blattner, 57
 
 Wash. 637, 107 Pac. 835;
 
 Gilliland v. German-American State Bank,
 
 59 Wash. 292, 109 Pac. 1020;
 
 Holm v. Chicago, Milwaukee & P. S. R. Co.,
 
 59 Wash. 293, 109 Pac. 799;
 
 Crooks v. Rust,
 
 125 Wash. 563, 216 Pac. 869;
 
 Fogelquist v. Meyer,
 
 142 Wash. 478, 253 Pac. 794;
 
 Bloomberg v. Bloomberg,
 
 148 Wash. 638, 269 Pac. 852.
 

 Cases analogous in principle are the cases determining the time from which the right of appeal begins to run. Our holdings have been uniform to the effect that such time begins to run from the date of the entry of the final judgment in the cause, and this regardless of any intermediate order -entered in the cause not of itself appealable.
 
 National Christian Association v. Simpson,
 
 21 Wash. 16, 56 Pac. 844;
 
 Herzog v. Palatine Insurance Co.,
 
 36 Wash. 611, 79 Pac. 287;
 
 Jemo v. Tourist Hotel Co., 55
 
 Wash. 595, 104 Pac. 820, 19 Ann. Cas. 1199, 30 L. R. A. (N. S.) 926;
 
 Gust v. Gust,
 
 70 Wash. 695, 127 Pac. 292;
 
 Templeton v. Warner,
 
 89 Wash. 584, 154 Pac. 1081, 157 Pac. 458;
 
 Rupe v. Kemp,
 
 99 Wash. 371, 169 Pac. 855;
 
 Mathison v. Anderson,
 
 107 Wash. 617, 182 Pac. 622;
 
 State v. Chamberlain,
 
 132 Wash. 520, 232 Pac. 337.
 

 The statutes relating to judgments and appeals
 
 *646
 
 therefrom would seem to require that the appeal be taken after the final judgment is entered in the cause. The statute (Eem. Comp. Stat., § 404) defines a judgment in the following language:
 

 “A judgment is the final determination of the rights of the parties in the action.”
 

 By § 431 (lb.) it is provided:
 

 “In any action tried by jury in which a verdict is returned, judgment in conformity with the verdict may be entered by the court at any time after two days from the return of such verdict. Any motion for judgment notwithstanding the verdict, or any motion for a new trial, or any motion attacking the verdict for other causes, shall be served on the adverse party and filed with the clerk of the court within two days after the return of the verdict, and no judgment shall be entered in the cause until after the disposition of such motion. The judgment shall be in writing, signed by the judge of the court in which the action is pending, and shall be filed with the clerk and recorded in the journal of the court.”
 

 The statute relating to appeals (lb. § 1716) provides :
 

 “Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding.
 

 “ (1) From the final judgment entered in any action or proceeding, . . . ”
 

 Manifestly, these statutes contemplate an orderly procedure. They contemplate that, before a pending action can be said to be concluded, there must be a final determination of the rights of the parties to the action; that the final determination must be expressed in writing, signed by the judge of the court in which the action is pending, filed with the clerk and recorded
 
 *647
 
 in the journal of the court, and that then, and not until then, is the action ripe for an appeal. Any appeal, therefore, purported to be taken from a final judgment, but taken before the entry of such judgment, would seem of necessity to be premature.
 

 But, assuming that under our decision there may be some departure from the strict statutory rule — that an appeal may not be dismissed when the appeal notice describes with reasonable certainty the judgment or order from which the appeal is taken, even though the judgment or order be not described with strict accuracy or precision — we think that, in the interest of orderly procedure and certainty, and that there may be no room for confusion or dispute as to the matter before the court, an appeal should not be entertained from a final judgment order on a notice given prior to its formal pronouncement and entry in the manner the statute requires.
 

 In the instant case, the notice in no way describes the judgment brought up for review. The notice recites that the appellant, “feeling aggrieved at the verdict and judgment rendered against it,” appeals
 
 ‘ ‘
 
 from said verdict and judgment. ’ ’ Its references are to proceedings then completed, not to proceedings that may be had in the future, and it is hardly conceivable that the party giving the notice could have had in contemplation a judgment subsequently to be entered. As the judgment it now seeks to review was not then in existence, the appeal is premature not only under the statute, but under our adjudicated cases, and must be dismissed.
 

 It is always with regret that the court feels compelled to dismiss an appeal. But in this instance the regret is less, because, as we have hereinbefore noted, the cause was heard upon its merits and a majority
 
 *648
 
 of the court has concluded that if the merits of the cause are reached, the case must stand affirmed.
 

 The appeal is dismissed.
 

 Mitchell, O. J., Main, Holcomb, French, and Millard, JJ., concur.