[No. 30030. Department One. May 15, 1947.]

THOMAS HAYTON, *Respondent*, v. INDEPENDENT PETROLEUM COMPANY, *Appellant*.[1]

*Peyser, Bailey & Cartano,* for appellant.

*Chavelle & Chavelle,* for respondent.

SCHWELLENBACH, J.—This case involves an appeal made subsequent to the verdict of a jury in favor of the respondent. Respondent has moved to dismiss the appeal, and we feel that the motion should be granted.

The case went to trial before a jury on January 15, 1946. On January 17th, the jury rendered a verdict for the plaintiff in the sum of four thousand dollars. On January 18th, appellant served and filed its motion for judgment notwithstanding the verdict and for a new trial. This matter came on for hearing on April 24th, at which time the trial court

[1]Reported in 180 P. (2d) 557.

signed and entered its order denying the motion for a new trial and denying the motion for a judgment notwithstanding the verdict. At that time, on April 24th, the court signed and entered the judgment. At the same time, the appellant served and filed its notice of appeal. Omitting its formal portions, the notice of appeal follows:

"YOU, AND EACH OF YOU, ARE HEREBY NOTIFIED that INDEPENDENT PETROLEUM Co., a corporation, Defendant above named, feeling aggrieved at the orders and judgments of the above entitled court in said matter, does hereby give notice of appeal to the Supreme Court of the State of Washington from the Order denying motion for a new trial, and judgment notwithstanding the verdict of the jury entered on the 24th day of April, 1946, in the above entitled matter by Judge Clay Allen of the above entitled court, and from each and every part thereof, and from each and every intermediary order or ruling entered in said cause by said court.

"Dated this 17th day of April, 1946."

Also, on April 24th, appellant filed a supersedeas bond in the sum of forty-two hundred dollars. This bond was approved April 24, 1946, by the trial court.

Rem. Rev. Stat., § 1716 [P.P.C. § 5-1], relating to appeals to this court, provides:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding.

"(1) From the final judgment entered in any action or proceeding, and an appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding . . ."

■ We have uniformly held that an order denying a new trial is not an appealable order. *Sound Inv. Co. v. Fairhaven Land Co.,* 45 Wash. 262, 88 Pac. 198; *Fogelquist v. Meyer,* 142 Wash. 478, 253 Pac. 794; *Hogue v. Hogue,* 144 Wash. 650, 258 Pac. 465; *Lefever v. Blattner,* 57 Wash. 637, 107 Pac. 835; *Carlson v. Vashon Nav. Co.,* 102 Wash. 75, 172 Pac. 860.

■    Appellant moves for permission to amend its notice of appeal.  Rem. Rev. Stat., § 1734 [P.P.C. § 5-61], provides in part:

"The court shall upon like terms allow all amendments in matters of form, curative of defects in proceedings to the end that substantial justice be secured to the parties, and no appeal shall be dismissed for any informality or defect in the notice of appeal, the appeal bond, or the service of either thereof, or for any defect of parties to the appeal if the appellant shall forthwith, upon order of the supreme court, perfect the appeal."

In *Carlson v. Vashon Nav. Co., supra,* the case was submitted to the jury as to the defendants McCrea and the United States Fidelity and Guaranty Company, and, on the first day of October, 1917, the jury returned a verdict in favor of these two defendants.  Upon the filing of that verdict, a judgment was entered by the clerk of the court in accordance with the verdict.  On October 3, 1917, plaintiff filed a motion for a new trial.  This motion was heard and denied by the trial court on October 13, 1917.  Thereafter, on the eleventh day of January, 1918, the plaintiff served upon the defendants a notice of appeal to this court, which, omitting the formal parts, read as follows:

" 'You and each of you are hereby notified that the plaintiff Oscar Carlson above named, intends to and does hereby appeal to the Supreme Court of the State of Washington, from the order of the court denying his motion for a new trial herein, which order was made and filed on the 13th day of October, 1917.
" 'Said plaintiff hereby appeals from said final order and all proceedings had in said cause.' "

In granting respondents' motion to dismiss the appeal, we held:

"We are satisfied that the motion to dismiss must be granted.  The order here appealed from is the order denying a motion for a new trial.  This is not appealable.  Rem. Code, § 1716.
"If the appellant intended to appeal from the final judgment in the case, the notice is clearly not sufficient under

the statute, because, at Rem. Code, § 1719, it is provided that:

" 'The appellant in his notice of appeal shall designate with reasonable certainty from what judgment or orders, whether one or more, the appeal is taken, and if from part of any judgment or order, from what particular part.'

"There were two final judgments in this case: one upon the 27th day of September, 1917, in favor of fifteen of the defendants; and another upon October 1st, as to the remaining defendants. Neither of these judgments is described in the notice of appeal. The only order described is the one which was made and filed on the 13th day of October, 1917. That was the order described in the notice, namely, the order denying the motion for a new trial. The words 'Said plaintiff hereby appeals from said final order and all proceedings had in said cause' refer specifically to the order of October 13, 1917, which was the order upon the motion for a new trial. This was not an appealable order. The orders from which appeals might have been taken were not described in the notice. Counsel for the appellant refers us to Rem. Code, § 1734, which provides that the court shall upon terms allow amendments in matters of form, curative of defects in proceedings, to the end that substantial justice shall be secured to the parties, etc. It is plain to be seen that this notice was not defective in form. It is defective in substance, if the appellant intended to appeal from either of the final judgments in the case. Section 1734, Rem. Code, was not intended to do away with notice within time, and it was not intended to cure defects in substance as well as form."

■ Appellant calls our attention to the fact that the supersedeas bond was filed at the same time the notice of appeal was served, and urges that the supersedeas bond, in the amount of forty-two hundred dollars, was given to supersede the judgment. We indicated in *Strickland v. Rainier Golf & Country Club*, 156 Wash. 640, 287 Pac. 900, that an appeal might not be dismissed when the appeal notice describes with reasonable certainty the judgment or order from which the appeal is taken, even though the judgment or order be not described with strict accuracy or precision. However, we cannot go beyond the appeal notice itself. We find nothing in this notice which would

justify our holding that the appeal was taken from anything other than the order denying a new trial and denying the judgment notwithstanding the verdict.

The motion to dismiss the appeal will be granted.

MALLERY, C. J., MILLARD, SIMPSON, and ABEL, JJ., concur.

---

July 1, 1947. Petition for rehearing denied.